CHIEF JUSTICE PR YOB
delivered the opinion op the court.
A paper purporting to be the last will and testament of Conrad Young was properly proved and admitted to probate by the Jefferson County Court, on the 23d of May, in the year 1860, by which he made his wife, Anna M. Young, his sole devisee, and also executrix. At the time of his death he was the owner of valuable real estate in the city of Louisville, and left surviving him several infant children, who are the appellees in this appeal.
The widow took possession of the property, and retained the use and occupancy for many years, and having intermarried with one Lemberger, she and her husband, on the 16th of October, in the year 1872, borrowed of Norborne Arterburn several thousand dollars, to secure which they executed to him a mortgage on the real estate devised to Mrsi Lemberger by her first husband. Other mortgages were afterward given on the same property, that were foreclosed, including the mortgage to Arterburn; and Arterburn became the purchaser at the sale made by-the commissioner. The sale was confirmed, and the latter placed in possession.
On the 19th of April, 1875, an appeal was taken by the infant children of Conrad Young (they being still infants) from the order of the Jefferson County Court, admitting the will of their father to probate, to the Jefferson Court of Common Pleas, and upon the hearing in that court it was adjudged that the paper in controversy was not the *512 will of Conrad Young, and reversed the order of the county court.
After the judgment rendered in the common pleas court, the children of Young instituted the present action against Arterburn, to recover the real estate purchased by him under the mortgage, on the ground that the reversal of the order of the county court operated to divest their mother of title, and that, claiming under her, Arterburn’s title is also gone, and this being the opinion of the chancellor, a recovery was had, of which Arterburn’s representatives now complain.
Without determining the effect of a judgment of probate, or intending to dissent from the opinion of the learned chancellor as to the title acquired by a purchase from the devisee, we will proceed at once to the consideration of the question as to when the infant in this class of cases must prosecute an appeal in order to affect the rights of others.
The mother, in this case, was a party to the appeal from the county court to the circuit court, and although fifteen years had elapsed after the order of probate, before the appeal was taken, no objection was made to the proceeding, and therefore, as to the mother, the judgment below was proper; but, as the appellant, who was a purchaser from her, was not before the court, the question arises, when should the appeal have been prosecuted in order to make him a Us pendens purchaser? The chancellor seems to have based his opinion on the sections of the Code authorizing appeals to the Court of Appeals in connection with the provisions of the 22d section of the old Code.
Under the present Code of Practice a party appealing to this court must do so within two years next after the right to appeal first accrued, and as to an infant an appeal can .be granted to him, or his representative, within one year after his death, or the removal of his disability, whichever may first happen. (Sec. 745 new Code; sec. 884 old Code.)
*513 The only difference between the two Codes, as to the limitation, is that by the old Code the limitation was three instead of two years.
The appeal in this case was to the circuit court, and we can not perceive in what manner the sections cited from either the new or the old Code are to affect the appeal from the county court to the circuit court. ,
Section 22 of the old Code provides that “ appeals from orders and judgments of the county court may be taken in the same time, and in a similar manner, with appeals to the Court of Appeals.”
This provision is omitted from the new Code, but as the questions arising on this appeal are to be regulated and determined by the provisions of the former Code, it becomes necessary to inquire whether this section has any application to appeals from orders of the county court admitting a will to probate or rejecting it. The manner of taking the appeal is not involved by any of the questions raised, but the time in which an appeal must be taken in such a case, and the saving, if any, in favor of the infants, are questions, the determination of which must control the decision of this case.
That appeals, in nearly all cases, from the county court were regulated under the old Code as to time and manner, by the provisions applicable to appeals to this court, is not controverted.
The chapters on wills found in the Revised Statutes and the old Code contain a complete law on the subject. The mode of executing such instruments, the manner of probate, the county in which the probate must be made, the manner of contesting, its effect when admitted to probate, the'time and manner in which appeals are to be prosecuted, and the saving in favor of infants, etc., are matters all regulated and determined by the provisions of the law as contained in the two chapters referred to.
*514 A similar chapter, containing like provisions, is also found in the General Statutes, evidencing a plain intention that its provisions were intended to regulate the entire proceedings in reference to wills.
By the provisions of both the General and Revised Statutes appeals or writs of error from the circuit court shall “ be sued out within five years after rendering the order of probate or rejection in the county court, and from the Court of Appeals within one year after the final decision in the circuit court.”
As to all persons not parties to the record, they “ may, within three years after such final decision in the circuit court, by bill in chancery, impeach the decision, and have a retrial of the question of probate, and either party shall be entitled to trial by jury.” “An infant, not a party, shall not be barred of such proceedings in chancery until twelve months after attaining full age.” (Secs. 28 and 38, chap, on wills, chap. 106, Rev. Stat.; sec. 27 and 37, chap, on wills, Gen. Stat.)
The legislative purpose, in framing this law, was to make an exception with reference to appeals from orders of the county court in cases of wills, and to regulate the time in which an appeal must be taken to preserve the rights of the parties in interest as well as to enact such pi’ovisions as wei’e deemed necessary to save the rights of infants; therefore section 22 of the old Code, regulating the manner in which appeals are ordinarily taken from the county court, can not be made to apply to this character of case, the statute especially providing that appeals may be taken within five years from an order of the county court probating or rejecting a will; and the only saving in favor of an infant is that, when not a party to the proceedings in the circuit court, he shall not be barred of his right to assail the judgment in that court by a proceeding in equity, until twelve months after attaining full age. Regarding therefore the Revised Statutes and the chapter on wills in the old Code as containing, at the time the *515 appeal from the county court was taken, all the law on the subject of the probate of wills, the right of the infants to an appeal was barred, and the reversal of the judgment did not affect the rights of the purchaser from the devisee.
The appeal must be taken to the circuit court within five years, and there is no saving in favor of infants. The appeal from the circuit court to the Court of Appeals must be taken within one year, and there is no saving in favor of infants. An adult or infant, when not a party to the proceeding in the circuit court, in addition to the right of appeal from that court within one year, may, by a proceeding in equity instituted within three years after final judgment in the circuit court, impeach the validity of the judgment, and the only saving in favor of the infant is that he may assail the judgment rendered in the circuit court, if not a party to the proceedings, within twelve months after his disability is removed. Why the law-making power saw proper to enlarge the time for taking an appeal in this class of cases and take them out of the ordinary rules by which appeals are prosecuted and governed, is not the subject of inquiry here. It is true an infant may have all the remedies that an adult is entitled to for the purpose of enforcing or vacating a judgment, but this does not affect the provisions of the statute by which the rights of infants and adults are clearly defined, and the manner and time for prosecuting an appeal regulated. The legislature no doubt thought that five years would give the parties, whether adults or infants, ample time to prosecute an appeal from the county court, and that a failure to do so would remove the uncertainty as to the title, unless the rights of the infant are brought within the saving clause of the statute.
In examining the title to this real estate the appellants found that the will of Conrad Young had been admitted to probate, by a court of competent jurisdiction, twelve years prior to his purchase, and that the time for an appeal had long since *516 elapsed. The appeal was prosecuted by the infants near fifteen years after the order of probate had been made. In such a case the infants were barred of their right to an appeal, and the appellant can not be regarded as a lis pendens purchaser. The judgment is therefore reversed, and the cause remanded with directions to dismiss the petition as to the appellants. (Watson v. Wilson, 2 Dana; Clarey v. Marshall’s heirs, 4 Dana; Debell v. Foxworthy, 9 B. Mon.; Clark’s heirs v. Farrow, 10 B. Mon.; Earle v. Couch, 3 Met.)