## Patton, et al. v. Sallee, et al.

## Jett, et al. v. Jett, et al.

CONSOLIDATED ACTIONS.

(Decided May 28, 1914.)

## Appeals from Madison Circuit Court.

Wills—Probate, Establishment and Annulment—Jurisdiction—Limitation and Laches.—The statute of wills constitutes a complete act of legislation upon that subject. The remedy therein provided for attack upon the order of the county court rejecting or probating a will is by appeal to the circuit court; that remedy is exclusive. Where no appeal from that order is taken to the circuit court within five years from the date thereof, the order of the county court cannot be attacked, although if there be such appeal, then if a person interested was not brought before the circuit court upon the appeal he has three years after the final decision in the circuit in which to apply for a retrial, or if he be an infant, he has until twelve months after attaining full age to make such application, but unless there is an appeal to the circuit court within five years, the saving in favor of infants is without avail. The county court has no power to vacate its order rejecting or probating a will.

GRANT E. LILLY and FORMAN & FORMAN for appellants in each case.

T. L. EDELEN, BURNAM & BURNAM for appellees in each case.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

In August, 1902, Joel W. Gibbs, died, domiciled in Madison County. A few days before his death, he made and published a will, by the terms of which he devised to his daughter, Lucy Gibbs Patton, a certain farm in Madison County, in trust for and during her life, with remainder to the heirs of her body.

On September 1, 1902, the widow of Joel W. Gibbs offered the will for probate in the Madison County Court, whereupon the daughter mentioned objected to the probate thereof upon the ground that at the time of the execution of the writing purporting to be his will, Joel W. Gibbs was of unsound mind and lacking in testamentary capacity.

On September 6, 1902, the widow asked the court to be permitted to withdraw her motion to probate the

writing mentioned; but the court brought before it the attesting witnesses, and they having testified that at the time of the execution of the writing in question, Gibbs was not of sound and disposing mind, the court sustained the objection to the probate thereof and rejected it.

The widow of Joel W. Gibbs, the daughter mentioned, Lucy Gibbs Patton, and the son of deceased, Alex. R. Gibbs, being the only heirs-at-law, thereupon made an agreed division of the estate, in which Lucy Gibbs Patton became the owner of a portion of the farm in which under the will, she would have taken only a life estate with remainder to her children.

She sold and conveyed a portion of that land, on January 3, 1908, to Lucy B. Sallee.

Lucy B. Sallee, by a contract in writing entered into on December 15, 1913, sold and agreed to convey to Charles H. Jett a portion of the land so acquired by her from Lucy Gibbs Patton. Jett was to pay a certain sum in cash, and to execute his notes for the remainder of the purchase price on January 1, 1914. He refused to comply with his contract, and Lucy B. Sallee instituted an action in the Madison Circuit Court on January 10, 1914, against Jett, seeking to coerce a specific performance of the contract.

Jett answered, admitting the execution of the contract and the tender of a deed, but alleging that the title tendered to him by the plaintiff's deed was not a good and sufficient title, averring that Lucy Gibbs Patton, from whom the plaintiff, Lucy B. Sallee, derived her title, was the owner only of a life estate in the lands so conveyed, with remainder to her children; and that the interests of the infant children of Lucy Gibbs Patton were not properly protected in the proceeding in the Madison County Court wherein the alleged will of Joel W. Gibbs was rejected and refused to be probated. The answer was made a cross-petition against Lucien Patton and Sarah Patton Gay, the children of Lucy Gibbs Patton, and they were called upon to assert whatever claim they had to the land in question under and by virtue of the alleged will of their grandfather.

Lucien Patton and his sister, Sarah Patton Gay, by her guardian, thereupon filed an answer and cross-petition, alleging that at the time the will of Joel W. Gibbs was rejected from probate in the Madison County Court, they were infants and not before the court; that

the proceedings therein whereby said will was refused to be probated were procured by a collusive arrangement entered into between their grandmother, the widow of Joel W. Gibbs, and their mother, Lucy Gibbs Patton, and their uncle, Alex. R. Gibbs, for the purpose of defeating their remainder interest as devised in the will, in the tract in question, which arrangement was in law a fraud upon the defendants, Lucien Patton and Sarah Patton Gay; and further alleging that they had filed in the Madison County Court a petition to vacate the order rejecting the will of Joel W. Gibbs from probate upon the ground that the rejection thereof was procured by fraud, which action was then pending.

The cause being submitted on demurrer filed by plaintiff, Lucy B. Sallee, to the answer and cross-petition of defendant, Jett, the court sustained the demurrer, and defendant declining to plead further, the court rendered judgment against him decreeing a specific performance of his contract of purchase of the land; from that judgment, he appeals.

The cause being submitted upon demurrer filed by plaintiff to the answer and cross-petition of defendants, Lucien Patton and Sarah Patton Gay, the court sustained the demurrer, and those defendants declining to plead further, their answer and cross-petition was dismissed; from that judgment they appeal.

In the meantime, as heretofore mentioned, Lucien Patton and his sister, Sarah Patton Gay, by guardian, had instituted in the Madison County Court an action to vacate and set aside the order entered in that court on September 8, 1902, rejecting and refusing to probate the writing purporting to be the last will and testament of Joel W. Gibbs, the action being based upon the ground that the proceedings mentioned and the judgment therein were had and obtained by fraud practiced by the grandmother, the mother and the uncle of the plaintiffs mentioned.

A demurrer to the petition was sustained in the county court. Plaintiffs appealed to the circuit court, and a demurrer to the petition was sustained in that court, and plaintiff declining to plead further, the petition was dismissed. From that judgment, plaintiffs appeal.

The appeals mentioned have been consolidated in this court, and will be considered in one opinion.

They involve a single inquiry, whether the county court has authority to vacate the judgment rendered by it on September 8, 1902, declaring the writing offered for probate not to be the last will and testament of Joel W. Gibbs.

The Statute of Wills, chapter 135, Kentucky Statutes, 1909, contains no express authority for the vacation by a county court of its judgment rejecting or probating a will. But, it is the contention of appellants that although the statute with reference to the probating of wills is silent upon the subject, the county court has an inherent right under the common law to vacate a judgment obtained therein by fraud, rejecting or probating a will.

Appellees contend that the Statute of Wills is a complete act of legislation upon that subject; that the only remedy, when a will is improperly rejected or probated, is by appeal to the circuit court, and that as to this remedy, the appellants are barred by failure to prosecute an appeal within the time prescribed by the statute.

A consideration of the authorities shows that this court has established the rule that the remedy by appeal provided in the statute is exclusive.

Section eleven of the act of 1785, Morehead & Brown's Statute Law of Kentucky, page 1537, provided that an order of the county court probating or rejecting a will, could be attacked by the filing of a petition in equity in the circuit court within seven years thereafter.

In Taylor v .Tibbats, 13 B. M., 180, where the act and section mentioned were involved, the court said:

"The law makes no provision for a retrial in the same court; but, instead of permitting that to be done, substitutes a proceeding in a court of equity by which the validity of the will may be contested. The decision of a court of probate may also be revised in a superior tribunal, but the same court has no power at a subsequent term to set aside an order establishing a will and. directing it to be recorded. A decision of the county court upon the validity of a will is a bar to a renewal of the controversy in that court upon the same subject-matter. (Wells' Will, 5 Litt., 273.) Consequently, the whole proceeding in the county court, so far as its object was to annul or vacate the order of that court, made at a previous term in pursuance of the mandate of the circuit

court establishing the will and requiring it to be recorded, was unauthorized and is erroneous."

It will thus be seen that the court at an early date held the remedy by appeal to be exclusive upon the ground that the statute of wills then in force made no provision for attack upon the order of probate except by appeal.

The act of February 24, 1842, provided for an appeal to the circuit court from an order of the county court probating or rejecting a will, in lieu of the remedy provided in section 11 of the Act of 1785 before mentioned, this latter act being later carried into the Revised Statutes of 1852.

By this act, jurisdiction was reserved to a court of equity to impeach the decision of the county court for such reason as would confer jurisdiction over any other judgment at law; and the chancellor was also empowered to review the final decision of the circuit court on appeal from the county court.

Under this state of the law, certain heirs of one Johnson brought a suit in equity in the Pike Circuit Court seeking to vacate an order of the Pike County Court probating the will of their father upon the ground that he was incompetent and lacking in testamentary capacity at the time of the alleged execution thereof. A demurrer to the petition was sustained. Upon appeal, Walters v. Ratliff, 5 Bush, 575, the court held that the remedy by appeal from the county court to the circuit court was exclusive, citing as authority, the case of Hughey v. Sidwell, 18 B. Mon., 259. In that case, the court said:

"There is at present but one mode of reaching it, and that is by appeal to the circuit court of the county where the order (of probate) was made. (Revised Statutes, chapter on Wills, Secs. 28 and 29, Civil Code, Sec. 20.) Original proceedings in chancery to set aside or vacate wills which have been admitted to probate are now only allowed in two cases—the one, to impeach the final decision of the circuit court affirming an order of probate, upon any ground which would give jurisdiction to a court of equity over any judgment at law, as provided in Revised Statutes, chapter 106, section 36, page 700; and the other, in behalf of non-residents and other persons interested in the probate who were not made parties to the proceedings (in the circuit court) by actual appear-

ance or personal service of process. (See same chapter, section 38.)''

In the case of McCarty v. McCarty, 8 Bush, 504, the Statute of Wills involved was chapter 106, Revised Statutes, the provisions of which were the same as chapter 113, General Statutes, and the present Statute of Wills, chapter 135, Kentucky Statutes, i. e., that the county court has jurisdiction to probate or reject any paper purporting to be a will, subject to an appeal to the circuit court to be taken within five years from the date of such action of the county court, and to the further provision that any party interested who was not brought before the circuit court upon the appeal, should have three years in which to apply for a re-trial therein, or, if such party were an infant, he should not be barred of such application for a re-trial until twelve months after attaining full age.

In that case, there was called in question the legal effect of an order of the county court setting aside a former order admitting a will to probate, and upon appeal, the court said:

''A will once admitted to probate by the county court must be contested in the manner pointed out by the statute. This special proceeding is adopted and regulated by law as applicable to wills alone, and the remedies afforded in such cases must be found in the statute, and nowhere else. There is no power given to the county court, after a will has been admitted to record or rejected, to grant to the parties a new trial, or at a subsequent term to annul all the orders made in regard to the case at a previous term. The rights of parties to property acquired under a will would be almost worthless if a county court, with its limited jurisdiction in such cases, could try and retry the question of will or no will whenever, in the opinion of that court, an erroneous judgment had been rendered.''

In Abbott v. Taylor, 11 Bush, 335, this court said:
''There is but one way in which such a judgment (of probate) can be affected, and that is by an appeal to the circuit court of the county in which the order was made. Proceedings in chancery to set aside or vacate wills that have been admitted to probate can only be maintained in two classes of cases (section 37, chapter 113, General Statutes), and not in those cases until after action by the circuit court.''

In Arterburn v. Young, 14 Bush, 509, it is said:

"The Chapter of Wills, found in the Revised Statutes and the old Code contain a complete law on the subject. The mode of executing such instruments, the manner of probate, the county in which the probate must be made, the manner of contesting, its effect when admitted to probate, the time and manner in which appeals are to be prosecuted and the saving in favor of infants, are matters all regulated and determined by the provisions of the law as contained in the two chapters referred to. A similar chapter, containing like provisions, is also found in the General Statutes, evidencing a plain intention that its provisions were intended to regulate the entire proceedings with reference to wills. By the provisions of both the General and Revised Statutes, appeals or writs of error from the circuit court shall be sued out within five years after rendering the order of probate or rejection in a county court, and from the Court of Appeals, within one year after the final decision in the circuit court. As to all persons not parties to the record, they "may within three years after such final decision in the circuit court, by bill in chancery, impeach the decision and have a retrial of the question of probate and either party shall be entitled to a jury." "An infant, not a party, shall not be barred of such proceedings in chancery until twelve months after attaining full age." (Secs. 28 and 38, chapter 106 on Wills, Revised Statutes; sections 27 and 37, chapter on Wills, General Statutes.)"

In that case, it was protested that unless an appeal was taken to the circuit court from the order of the county court within five years, the saving in favor of infants would not avail them; and this court said that the attention of the law-makers must have been called to this question when legislating thereon, and the court would not enlarge the provisions of the statute.

In Maynard v. Hatcher, 107 S. W., 241, 32 R., 720, the foregoing authorities were followed, and it was held that the only remedy is the appeal provided for in the statute.

It will thus be seen that the broad principle has been established that the provisions of the Statute of Wills constitute a complete act of legislation upon that subject; and that the remedy therein provided being exclusive, the county court is not empowered to vacate its order probating or rejecting a will. That order may

only be attacked by appeal to the circuit court; and in the event that upon the appeal to the circuit court, a person interested, who at the time of the final decision in the circuit court was a non-resident; was proceeded against by warning order only, without actual appearance or personal service of process; or any other person interested was not brought before the court by actual appearance or personal service of process, then such person has three years after such final decision in the circuit court in which to apply for a retrial thereof; or if he be an infant, he has until twelve months after attaining full age in which to make such application. And in the latter case, the proceeding instituted by the person who was an infant at the time of the final decision in the circuit court, only operates to the extent necessary to establish the rights of such person and does not affect the rights of any other person interested in the probate. (Section 4862, Kentucky Statutes.)

The statute makes no provision for impeaching the order rejecting or probating a will except where there has been an appeal to the circuit court, and then the attack must be made in that court.

Why the Legislature should provide that an infant not made a party when the appeal is taken to the circuit court from an order rejecting or probating a will, should have until twelve months after attaining full age in which to attack the decision in the circuit court, and make no provision for an attack by such infant in case there is no appeal taken to the circuit court from the county court from the order rejecting or probating a will, is not apparent, but such is the present condition of the legislation upon this subject; and while it would seem that legislative action in this respect might be desirable, yet, it must be presumed that with this unbroken line of decisions thus construing the law, the Legislature would have amended the statute had such been its desire.

2. It is the further contention of appellants that the action brought in the county court seeking to set aside the order rejecting the will of Joel W. Gibbs is authorized under section 518 of the Civil Code.

But, even if it were not well established that the provisions of the Statute of Wills constitute a complete law upon that subject and that the remedies therein prescribed for attack upon the order probating or rejecting

a will are exclusive, it is manifest that section 518 does not authorize an action of this character.

Sub-section 5 of that section provides that erroneous proceedings against persons under disability, except coverture, where the fact of disability does not appear of record nor the error in the proceedings, may be relieved against by the court in which the judgment was rendered, modifying or vacating the judgment after the expiration of the term. But the appellants, Lucien and Sarah, were not parties to the proceeding wherein the will of their grandfather was probated, nor was it necessary that they should have been made parties therein. Section 4860, Kentucky Statutes.

Sub-section 4 of section 518 of the Civil Code provides that the court rendering a judgment shall have power to vacate or modify it after the term, for fraud practiced by the successful party in obtaining the judgment. This can only have reference to an action wherein the complainant was the unsuccessful party. In the proceedings wherein the will in question was probated, there were no parties. That proceeding was *ex parte* and *in rem;* and the judgment therein rendered is conclusive against the world until annulled upon attack in the manner provided by the Statute of Wills.

The judgments appealed from are all affirmed.