## Crain et al. v. Crain et al.

(Decided April 23, 1937.)

WM. M. DUFFY and E. L. VASS for appellants.

C. B. LARIMORE and DOWLING & BAIRD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

G. W. Crain, a resident citizen of Hart county, Ky., died testate on the 8th day of November, 1919, and his will was duly probated by orders of the Hart county court on December 1, 1919. Crain had been

twice married; his first wife having died many years ago, leaving surviving her two children, the appellants, Albert Crain and Dellah Crain McCorkel, who are the issue of her marriage to the decedent, G. W. Crain. There were six children born to the last marriage of decedent, all of whom were living at the time of his death.

By the terms of his will decedent willed to the appellants, the children of his first marriage, $1 each, and the rest of his property he devised to Margurete Crain (his second wife) for life or as long as she remained his widow, with remainder to her children (children of decedent's second marriage), who are the appellees herein. His estate at the time of his death consisted of a small farm in Hart county, and his widow and the children lived on the property while the children were growing up and the widow remained there until her death in 1934. There was **no** administrator with the will annexed appointed, and **no** administration of decedent's estate was had.

In 1928, the courthouse of Hart county was destroyed by fire and all the records, including the will of decedent, were destroyed. In 1931, under the provisions of section 3991, Kentucky Statutes, a proceeding was had whereby the lost or destroyed will of decedent was established. The widow died in 1934, and under the terms of the will, her children, the appellees, became the owners of the property devised in the will. Soon after the death of the widow the appellants filed in the circuit court of Hart county their statement of appeal appealing from the judgment of the county court probating decedent's will, in which action they were styled appellants and the other party litigants were styled appellees, the same as the style of the present appeal.

Appellants in their statement of appeal alleged that the paper purporting to be the last will and testament of G. W. Crain, which was purported to have been proved, established, and probated on April 6, 1931, as the alleged will of the decedent, allegedly destroyed by fire when the courthouse burned, was not the will of decedent and asked that the order of the county court probating the alleged will be set aside.

Appellees filed their answer in which, among other things, they pleaded the statute of limitations, alleging

that the original will of decedent was duly probated on the first day of December, 1919, and that more than five years had elapsed since the probation of the will and the burning of the courthouse in 1928, and that appellants' right of appeal was barred by the five-year statute of limitations as provided in section 4850, Kentucky Statutes.

Appellants filed their reply consisting of four paragraphs, the first three of which being principally a traverse, in which they denied, among other things, that the decedent executed or published his last will and testament and denied that said alleged will was probated or offered for probate in the Hart county court on December 1, 1919, or any other time. However, later they withdrew from their reply paragraphs 1 to 3, inclusive, leaving paragraph 4 as their only response to the answer, in which they do not deny that the decedent had executed a last will and testament or that same was probated on December 1, 1919, as alleged in the answer. In referring to the alleged will and the probation thereof, they make the following statement:

"They further state that from the first day of December, 1919, the day on which said purported Will was probated until the —— day of January, 1934, they had no knowledge or notice or any information as to the existence of, or the probate of a paper purporting to be the last Will and Testament of G. W. Crain; nor were they notified nor had they any knowledge that they were beneficiaries thereunder: * * *."

Following the above statement they allege that they received no notice nor had any information that decedent left a will or that same was probated on December 1, 1919, or at any time, and that appellees are now estopped from pleading the statute of limitations. They also attacked the validity of the proceeding had to prove and establish the destroyed will. They further make the following statement:

"The Appellants and each of them state, that if the purported Will which was probated on the first day of December, 1919, was the last Will and Testament of G. W. Crain, by reason of the facts herein alleged, the Appellees and each of them are estopped and barred from pleading as a defense

to this action the Statute of Limitations as set forth in the Appellees' Answer in Paragraph II."

Thus it will be seen that appellants did not only fail to deny that decedent executed a will and the same was duly probated on December 1, 1919, but virtually admit that he did leave a will and it was probated at the time alleged in the answer, but seek to avoid the effect of the statute of limitations by pleading that they were not notified nor had they any knowledge that they were beneficiaries under the will, nor had they any notice of the probation thereof.

Section 4856 of the Kentucky Statutes reads as follows:

"A person offering or intending to offer to a county court a will for probate may obtain from the clerk of such court process directed to the proper officer of any county, requiring him to summon any person interested in such probate to appear at the next term of such court and show cause why the said will should not be admitted to record."

Whether or not the provisions of the above-quoted section of the statute standing alone is mandatory in respect to the obtention of process or notice to interested parties, we need not discuss, because section 4860 of the Statutes provides that:

"A county court may, however, without summoning any party, proceed to probate and admit the will to record or reject the same."

This statute is sufficient answer to appellants' plea of lack of notice. This leaves for determination the question: Had appellants' right of appeal been barred by the five-year statute of limitations before they filed their statement of appeal in the circuit court? If so, their right was barred even before the courthouse was burned in 1928, and we need not consider or discuss the validity of the proceeding had in 1931 to prove or establish the destroyed will, because this is not an action contesting a will but merely an attempted appeal from the orders of the county court probating the will, and it is not denied that decedent left a will and it was probated.

Section 4850 of the Kentucky Statutes provides that:

"The appeal to the circuit court shall be within five years after rendering the judgment of probate or rejection in the county court."

In Patton et al. v. Sallee, et al., 159 Ky. 285, 166 S. W. 1004, it is held that the statute of wills constitutes a complete act of legislation upon that subject, and the remedy therein provided for an attack upon the order of the county court rejecting or probating a will is by appeal to the circuit court, and if no appeal from such order is taken to the circuit court within five years from the date of such order, the order of the county court cannot be attacked.

In Noland v. Stacy, 110 S. W. 264, 33 Ky. Law Rep. 321, it is held that there is no saving clause in section 4850, Kentucky Statutes, even for infants with reference to appeals from the county court to the circuit court. See, also, to the same effect, Arterburn's Ex'rs v. Young, 14 Bush (77 Ky.) 509.

In the case at bar the question of infancy is not involved, the appellants being adults and under no disability at the time of the probation of decedent's will, December 1, 1919, and this is even a stronger reason for the application of the rule that there is no saving clause in the statutes in respect of time to prosecute an appeal to the circuit court from the order of the county court probating or rejecting a will.

The statute, supra, as construed by the authorities herein cited, is conclusive that appellants' right to appeal to the circuit court from the orders of the county court probating the will December 1, 1919, was barred five years thereafter.

Judgment affirmed.