## Miller et al. v. Hill et al.

Feb. 12, 1943.

Woodward, Dawson & Hobson, G. Wallace Thacker and Allen P. Cubbage for appellants.

Herman A. Birkhead, Cary, Miller & Kirk, R. Miller Holland, and Theodore W. Bates for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

By his will probated on July 15, 1924, W. E. Whitely devised his residuary estate to his wife, Margaret Whitely, during her life, and at her death to his son and only child, Loren E. Whitely, during his life with remainder to his "lawful issue, if any, if none, then to his heirs at law." On August 7, 1924, the widow and son and the latter's wife appealed from the order of probate to the Circuit court, and on December 10, 1924, a judgment was entered by that tribunal reciting that the alleged will was not in fact the last will and testament of W. E. Whitely. Named as appellees in the statement of appeal from the order of the County Court admitting the will to probate were the administrator with the will annexed; the two living sisters, and descendants of the two deceased sisters of the widow; Oscar, James, and John Whitely, the three brothers of the testator; John's wife and his five children; "the unknown defendants consisting of the unborn children of Loren E. Whitely, and the heirs at law of Loren E. Whitely." Concerning the brothers of W. E. Whitely and their descendants, it was alleged:

244

"That the contestees, Oscar Whitely, James Whitely, and John Whitely are the brothers of the decedent, W. E. Whitely, and the contestees, Maud Whitely, Lavada Whitely, Monroe Whitely, Hattie Whitely, and Cora Whitely, are the only children known to the appellants of said John Whitely, and the contestee, Beckie Whitely, is the wife of the said John Whitely; that said W. E. Whitely had no sisters and no other brothers other than said Oscar Whitely, James Whitely, and John Whitely.

"That the appellees, Oscar Whitely, James Whitely, John Whitely, Beckie Whitely, Maud Whitely, Lavada Whitely, Monroe Whitely, Hattie Whitely, and Cora Whitely, are nonresidents of the State of Kentucky and are believed to be absent therefrom, and the appellants, Margaret Whitely, Loren E. Whitely and Mary Whitely have no knowledge or information as to the country in which said appellees or any of them reside or may be found, or as to the name of the place or places wherein a post office is kept nearest to the place where said appellees or any of them reside or may be found. * * *

"That the appellants do not know the names of the heirs at law of John Whitely, James Whitely, and Oscar Whitely and therefore they proceed herein against the heirs at law of John Whitely, Oscar Whitely, and James Whitely, as unknown defendants, consisting of the children and heirs at law of said John Whitely, Oscar Whitely and James Whitely, and they state that said unknown defendants heretofore referred to are all non-residents of the State of Kentucky and are believed to be absent therefrom and the appellants have no knowledge or information as to the country in which said unknown defendants consisting of the children and heirs at law of James Whitely, Oscar Whitely, and John Whitely, reside or may be found, or as to the name of the place wherein a post office is kept nearest to the place where any of the said defendants reside or may be found. * * *

"And they further state that the unknown defendants consisting of the heirs at law of Loren E. Whitely, are non-residents of the State of Kentucky and are believed to be absent therefrom and the appellants have no knowledge or information as to the

country in which said unknown defendants, consisting of the heirs at law of Loren E. Whitely, reside or may be found or as to the name of the place wherein a post office is kept nearest to the place where said unknown defendants, consisting of the heirs at law of Loren E. Whitely, reside or may be found.''

The widow died in November, 1932, and the son on March 17, 1939. The latter, who was the sole beneficiary of his mother's will, died childless, leaving his estate to his widow, Mary F. Whitely, who died in February, 1940, leaving a will by which substantially all of her estate was devised to her niece and nephew, the appellees, Mary Foster Jarrott and Allen Hunt.

On May 7, 1941, the appellants instituted this action in equity against the administratrix with the will annexed of the estate of Mary F. Whitely, and later, by an amended petition, made the niece and nephew parties defendant, together with the holders of mortgages executed by Loren E. Whitely and his wife covering real estate which descended to him from his father. In their petition the appellants alleged that the paternal heirs of Loren E. Whitely at the time of his death ''are the cousins of his father (W. E. Whitely) and the descendants of the deceased cousins of his father''; that the appellant, Lillie C. Miller, is the daughter of John Whitely, an uncle of W. E. Whitely, and that the appellant, Ollie McCullough, is a daughter of Millie Quiggins who was also a daughter of John Whitely.

As grounds for the relief sought, namely, that the judgment in the will contest be vacated, and the will reinstated and an accounting had, the appellants charged that W. E. Whitely at the time he executed his will, was in full possession of his faculties; that the son and widow conspired to have the will set aside by fraudulently charging otherwise; that they falsely stated that the ''heirs'' of Loren E. Whitely were unknown to the contestants and were non-residents of Kentucky and believed to be absent therefrom; that in fact the ''heirs'' were residents of Kentucky, and that a majority of them lived within fifty miles of the county in which the will was probated; that the statements contained in the affidavit for a warning order were false and fraudulent and made for the purpose of conferring apparent jurisdiction on the Court to try the will contest; and that the judgment

setting aside the will resulted from the consummation of that fraud, and hence, was void. The petition concluded with the allegation that the question involved the common and general interest of many persons, so numerous that it was impracticable to bring all of them before the Court within a reasonable time, and that Loren E. Whitely had other and numerous heirs whose names and places of residence were unknown to the plaintiffs. Filed with the petition as an exhibit were certified copies of the proceedings in the will contest, including the statement of appeal from the order of the County Court admitting the will to probate. General and special demurrers were filed by the defendants, the present appellees, and a stipulation was entered into waiving the filing of answers pleading limitation and consenting that the question whether the action was barred might be considered by the Court in ruling upon the demurrers. The Chancellor sustained the general demurrers, dismissed the petition, and this appeal is from that judgment.

In holding that the petition failed to state a cause of action, the Chancellor indicated that the action was barred by limitation, thus necessarily implying that the judgment vacating the will was not void, since a void judgment is never immune from attack. A concession of the correctness of the implication that a void judgment is never immune from attack renders unnecessary any discussion of the authorities cited by appellants in support of it, and narrows the present inquiry to the controlling question: Was the judgment void or merely voidable? If the latter, the action was clearly barred by KRS 394.280 (KS secs. 4861, 4862) which provides:

"Any person interested who, at the time of the final decision in the circuit court, resided out of this state and was proceeded against by warning order only, without actual appearance or being personally served with process, and any other person interested who was not a party to the proceeding by actual appearance or being personally served with process, may, within three years after the final decision in the circuit court, by petition in equity, impeach the decision and have a retrial of the question of probate; and either party shall be entitled to a jury for the trial thereof. An infant, not a party, shall not be barred of such proceeding in equity until twelve months after attaining full age.

"But no such proceedings in equity for establishing or avoiding a will shall operate further than is necessary to the rights of such infant, nonresident, or other party, or otherwise affect the rights of any other person interested in the probate."

From certain statements in the briefs of appellants' counsel it may be surmised that they are seriously contending that in order for the judgment to have been valid, those persons who, by the terms of the will, were to take the estate in the event Loren E. Whitely died without issue, must have had notice of the proceedings in which the judgment was rendered; and that so much of the quoted statute as would indicate otherwise is violative of the Fourteenth Amendment to the Constitution of the United States. If they intended to advance such an argument, the fact that no personal judgment was sought against Loren E. Whitely's "heirs", and that a proceeding to probate or set aside the probate of a will is an action in rem or quasi in rem, is a sufficient answer. In such proceedings it is not the law that actual notice to the parties whose interests are to be affected by the judgment is essential, except in specific instances where the Statute provides otherwise. 28 R. C. L., Wills, secs. 376, 377, 378 (pp. 375, 376, 377); American Jurisprudence—Judgments, secs. 449, 450, 454, 455, (pp. 101, 102, 103, 104, 105); Wells et al. v. Wells, 4 T. B. Mon. 152, 16 Am. Dec. 150; Combs v. Combs et al., 249 Ky. 155, 60 S. W. (2d) 368, 89 A. L. R. 1095; Crain et al. v. Crain et al., 268 Ky. 262, 104 S. W. (2d) 992, 993. Interpretive of the purpose and scope of KRS 394.280, are the opinions of this Court in Bohannon v. Tabbin et al., 76 S. W. 46, and the combined cases of Patton et al. v. Sallee et al. and Jett et al. v. Jett et al., 159 Ky. 285, 166 S. W. 1004. In the former case it was expressly held that a judgment of the Circuit Court setting aside the order of the County Court probating a will "was not void because some of the infant beneficiaries under the will were not properly before the court on appeal from the order of probate" [76 S. W. 48]; and that the exclusive remedy in such cases was that provided by KRS 394.280. Said the Court:

"It was foreseen by the Legislature that the very mistake urged here to impeach the validity of the judgment in action No. 19,742 might happen in

> any case, and to guard against the hardship and confusion incident to nullifying the whole judgment because some of the beneficiaries were not properly served with process, and yet to give these absent beneficiaries their day in court, section 4861 of the Statutes provided for their benefit the right to institute an equitable action, by which the case, as to them, could be retried; and section 4862 provided that the equitable action should operate no further than to preserve the rights of the parties entitled to institute it. The language of the statute is plain and simple, and needs no elucidation. It fully meets and answers the exceptions seeking to impeach the judgment in action No. 19,742.''

Nor are we able to perceive how the allegation that the misstatements in the affidavit on which the warning order in the will contest was entered were fraudulently made militates against the applicability of KRS 394.280 in view of its sweeping provisions which at least are binding upon all persons named as parties to the appeal, whether or not they were personally served with process. The ''unknown heirs'', as well as the persons whom the contestants stated were the immediate maternal and paternal relatives of Loren E. Whitely were parties to the proceeding, and since the affidavit upon which the warning order was entered contained all the allegations essential to the order's validity, the jurisdiction of the Court to avoid the will was not dependent upon whether they were actually notified of the pendency of the proceeding. Their failure to receive notice as a result of fraud placed the claimants in no more disadvantageous position than they would have occupied had the contestants, in good faith, believed them to be non-residents whose addresses were unknown. True, the judicial tribunal is imposed upon by such fraudulent practices, and, in punishment and as a deterrent, will avoid a judgment so procured. But to obtain relief from any consequent injury sustained by him, the aggrieved litigant must attack the judgment (unless it was rendered in a will contest, in which event the proceedings are governed by KRS 394.280) within five years from the time the fraud could have been discovered by the exercise of ordinary diligence, and, in all events, where disability is non-existent, within ten years from its perpetration. KRS 413.120 (KS sec. 2515); KRS 413.130 (KS sec. 2519); Civil Code of Practice, Section 518, Paragraph

4; Mussman v. Pepples, 243, Ky. 674, 49 S. W. (2d) 592, 593; Logsdon v. Logsdon, 204 Ky. 104, 263 S. W. 728, 729.

Certain language in the last cited case is seized upon by appellants' counsel in support of their major and necessary premise that the judgment in the will contest was void because of the fraud practiced in conferring apparent jurisdiction upon the Court. But a careful reading of the opinion in that case, especially the concluding paragraph holding that proceedings to vacate the allegedly void judgment must be instituted within five years of the discovery of the fraud, leaves no doubt as to its true intendment. Surely, it is not to be assumed that the learned author of the opinion was ignorant of the elementary rule of law and reason that the Statutes of Limitation do not bar proceedings to vacate judgments which are, in fact, void and not merely voidable. Obviously not in point is the holding of this Court in the case of Ramsey's Ex'r v. Ramsey et al., 233 Ky. 507, 26 S. W. (2d) 37, cited by appellants, that a judgment of divorce rendered against an insane wife was void and could be attacked at any time because summons were not served as directed by the mandatory provisions of Section 53 Civil Code of Practice governing the service of process upon persons of unsound mind.

It is true that in proceedings in rem and quasi in rem, where constructive service is permissible, the required affidavit, in order to be effective, must contain the allegations prescribed by the Civil Code of Practice as requisite to the entry of the warning order by which the action is commenced and the Court obtains jurisdiction of the res; and that deficiency in the affidavit, if material in the light of Code requirements, will prevent such jurisdiction from attaching. See Baker et al. v. Baker, Eccles & Co. et al., 162 Ky. 683, 173 S. W. 109, L. R. A. 1917C, 171; and the other examples cited in the case of Ramsey's Ex'r v. Ramsey et al., supra. But where the affidavit contains the statements necessary to authorize the making of the warning order, and is otherwise regular on its face, the jurisdiction attaches and the judgment rendered in pursuance thereof is not void. Otherwise, there could be no security in land titles, since even innocent purchasers and mortgagees, such as some of the appellees in this case, are not protected by void judgments.

As indicated above, we conclude that if process against the paternal "heirs" was necessary in order to confer jurisdiction upon the Circuit Court to set aside the will, notwithstanding the provisions of KRS 394.280, and the fact that the maternal aunts and Loren E. Whitely were before the Court by actual service of process, the warning order entered as a result of the affidavit, regular on its face, filed by the contestants, satisfied that necessity; that if the statements contained in the affidavit were, in fact, false, and knowingly so, as alleged by appellants, such fact, at most, rendered the judgment voidable, and not void; and that appellants' only remedy was that prescribed by KRS 394.280.

This conclusion renders it unnecessary to consider appellees' contention that the petition was also demurrable because the statement of appeal filed therewith as an exhibit, disclosed that the descendants of W. E. Whitely's three brothers were the "heirs" of Loren E. Whitely, and thus contradicted the allegations of the petition that the claimants, descendants of W. E. Whitely's aunts and uncles, were the eventual takers under the will.

Judgment affirmed.

Whole court sitting.