## Moore et al. v. Stovall.

March 1, 1949.

N. Goebel Goad for appellants.

John E. Richardson and W. D. Gilliam for appellee.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—
Affirming.

Appellants, plaintiffs below, in an action against appellee, individually and as executor of the will of M. C. Williams, sought to have the will declared void on the grounds of mental incapacity and exercise of undue influence. Contestants, thirteen in number, were nieces and nephews of Mr. Williams, and allege that they were sole heirs at law of testator after the death of the life tenant.

The will after providing for payment of debts and funeral expenses, first devised and bequeathed all his property to his wife for life. After her death each niece and nephew was to receive $25 in cash, with a bequest of a like amount to the wife of one nephew, and to a brother of testator, the remaining property to go to appellee, a nephew of Mrs. Wililams, who was to care for the widow during her lifetime.

The will was executed in July of 1936; Mr. Williams died in July of 1939; the will was probated on the 26th of the same month and year. Mrs. Williams died in October of 1946. The petition was filed in May of 1947, more than seven years after probate, and more than seven months after the death of the life tenant.

The petition is in the usual form adopted in such cases, and states a cause of action. Appellee, in answer after a general denial, pleads that more than seven years had elapsed between the order of the county court's probating order and the institution of the suit, hence the statute of limitations, KRS 394.240, barred the prosecution of an appeal from the county court's order. That section of the statute, after providing for an appeal, provides:

"The appeal to the circuit court shall be within five years after rendering the judgment of probate or rejection in the county court."

Appellant demurred to the second paragraph of the answer, and upon submission the chancellor held the plea of limitations good, dismissed the petition and granted an appeal.

Appellant directs our attention to the fact that his

petition alleged that the terms of the will "did not mature and become effective until 1946, when the widow died, she having a life estate, and according to the will had a right to dispose of any of the property during her lifetime as she might see fit." This allegation forms the basis of the contention that the limitation statute does not apply until after the death of the life tenant. We may pause to remark that the plea seems inconsistent, since it would lead us to consider, construe and give application to one portion of the will, which appellant charges to be a nullity. Such a conclusion, if possible to be reached, would no more have the effect of stopping the running of the statute, than, as suggested in brief, the advice of counsel that the law was as is above stated, would extend the period of limitation.

The sole question is the application of the limitation statute, which appears to have been decided adversely to appellant's contention in a number of cases. The statute has been in effect for many years. We gave it construction in Crain v. Crain, 268 Ky. 262, 104 S.W.2d 992, then dealing with KS Sec. 4850, now KRS 394.240. In that case we upheld the statute, saying that there was no saving clause in respect of the time in which an appeal should be taken to the circuit court from the order of the county court.

In the Crain case we cited one as far back as Arterburn's Ex'rs v. Young, 14 Bush 509, 77 Ky. 509 and Noland v. Stacy, 110 S.W. 264, 33 Ky. Law Rep. 321, in both of which it was suggested that there was no saving clause even where the right of an infant might be involved, a question not here involved. We cited Patton et al. v. Sallee et al., 159 Ky. 285, 166 S.W. 1004, holding the statute on wills to be a complete act upon the subject and that an order of the county court could not be attacked after the lapse of five years from the entry of the order. To these may be aded Miller et al. v. Hill et al., 293 Ky. 242, 168 S.W.2d 769.

Appellant has not referred us to any case in this or other jurisdiction, which would cast the slightest doubt on our construction and application of the statute, or to justfy us in holding that the statute does not become operative until such time as the rights of remaindermen

mature, hence we conclude that the chancellor was correct in holding the plea in bar to be good.

Judgment affirmed.