17919

William A. TRIPP, Appellant, v. Irene F. TRIPP, Respondent
(126 S. E. (2d) 9)

*Messrs. Holcombe & Bomar,* of Spartanburg, *for Appellant,* and *Griffin, Seely, Boyer & Gilleo,* of Detroit, Mich., and *Diehm & Farber,* of Cleveland, Ohio, *of Counsel, for Appellant,*

*Messrs. Harvey W. Johnson* and *James B. Stephen,* of Spartanburg, *for Respondent,*

June 1, 1962.

LEGGE, Acting Justice.

This is an appeal from an order of the Court of Common Pleas for Spartanburg County affirming an order of the Probate Court which, upon a special appearance to contest its jurisdiction to require proof in solemn form of the will of Raymon B. Tripp, deceased, accepted jurisdiction for the purpose of granting ancillary administration, but held that the prior probate in Ohio was conclusive and barred contest of the will in South Carolina.

The decedent, executive vice-president and sales manager of Ohio Forge and Machine Corporation of Cleveland, Ohio, died on April 9, 1959, at the age of sixty-seven, in a hospital in Tryon, North Carolina. On March 11, 1959, while a patient in that hospital, he had executed a will purporting to leave his entire estate to his wife, Irene F. Tripp, respondent here, and appointing her as executrix. In the preamble to the will, he referred to himself as "of Cuyahoga County, State of Ohio, temporarily residing in Spartanburg County, State of South Carolina." Five days after the execution of this will, the decedent had executed a deed purporting to convey to his said wife certain real estate in Spartanburg County, which comprised the bulk of his property. At the time of his death he owned personal property in Ohio, consisting principally of stock of Ohio Forge and Machine Corporation; and he owned also certain personal property in South Carolina.

Respondent probated the will in Cuyahoga County, Ohio. Appellant, decedent's son by a former marriage, residing in Michigan, was given no formal notice of the Ohio probate proceedings, but had actual knowledge of their pendency. After the expiration of the statutory period for the filing of a will contest in Ohio, he called upon respondent to file the will for probate in South Carolina. This request having been ignored, he filed an exemplified copy of the will in the Probate Court of Spartanburg County, and it was there admitted

to probate in common form on October 15, 1959. On the same day, he gave notice, Code 1952, Section 19-255 as amended, that he required it to be proven in due form of law; whereupon the Judge of Probate, pursuant, to that statute, cited the respondent to proffer a petition to prove the will in due form of law. Respondent thereupon appeared specially to contest the jurisdiction of the court to require such proof, upon the ground, among others, that under the laws of Ohio the probate there had become conclusive upon the expiration of six months following such probate. This contention was sustained by the Probate Judge, whose judgment was affirmed by the order of the circuit court from which this appeal is taken.

The following questions are presented:

1. Is the attack upon the will foreclosed by Section 19-286 of the 1952 Code?

2. Does the probate code of Ohio violate the due process clause of the Federal Constitution?

3. Did the lower court improperly make findings of fact with reference to decedent's real estate and with reference to an action pending to set aside his deed conveying to respondent his real estate in South Carolina?

Section 19-286, after declaring that an exemplification of a will that has been reglarly proved in any foreign court may be admitted to probate in this state, provides "that if the will be not proved in solemn form the parties interested against the will shall not be concluded by such probate . . ." Whether the words "such probate" in the proviso just quoted refer to the foreign probate or to the probate by exemplification in this state would appear at least debatable, in view of the fact that in some states, Ohio among them, there is no procedure such as ours for proof in solemn form. That reference is to the foreign probate is suggested by the dictum in *Collins v. Collins,* 219 S. C. 1, 63 S. E. (2d) 811, where this court, discussing Section 19-286 (then Section 8936 of the 1942 Code), said that "the statute clearly contem-

plates, certainly as to personal property situated in this state, that if a foreign will has been proved in solemn form in the courts of decedent's domicile, such an adjudication would be conclusive here.". Actually, the question suggested above is not before us in the case at bar, both parties relating the proviso to the foreign probate. Appellant contends that it should be literally interpreted, and that therefore the Ohio probate, being only in comon form, is not conclusive. Respondent contends that it should be construed so as to effectuate its only reasonable purpose, *i. e.,* to sanction a contest in this state of a will probated elsewhere so long as by the laws of the foreign state the will may still be contested, but not thereafter.

Respondent's construction of Section 19-286 was sustained by both the probate court and the circuit court, and correctly so in our opinion. To construe it literally would lead to the conclusion that contest in this state as to the validity of a will originally probated in another state and probated here by exemplification may be barred only by probate in solemn form in the state of original probate. No sound reason is suggested for discrimination in favor of states having a "solemn form" procedure and against those that do not; nor does any such reason appear for permitting such a contest here after the expiration of the time limited by the laws of the foreign state for contesting the will there, either by "solemn form" procedure or otherwise. In South Carolina, proof in solemn form is the only postive procedure whereby a will, probated here, may attain immunity from attack upon its validity; but such immunity may also result from inaction on the part of those who would contest the will, for by the express language of Section 19-255 (as amended by the Act of March 23, 1956, 49 Stat. at L. 1785) probate in common form becomes conclusive unless proceedings for proof in solemn form are commenced within six months thereafter. Since any other interpretation would lead to an unreasonable result, it would seem that by the use of the words "solemn form"

in the proviso to Section 19-286 the legislature intended reference to the point at which by the laws of the foreign state the will should attain immunity from attack, rather than to the means by which such point of finality should be reached.

In Ohio, the validity of a will may be attacked only in action for that purpose in the court of common pleas of the county in which the will has been admitted to probate. Ohio Revised Probate Code, Section 2741.01. And unless such an action is brought within six months after the admission of the will to probate (except where the contestant is under disability, in which case within six months after such disability has been removed), the probate is conclusive. Section 2741.09. Under the laws of Ohio, therefore, the will achieved immunity from attack upon its validity not by virtue of the probate itself but by reason of the lapse of the statutory period limited for contesting it. *McCord v. McCord* (Ohio 1922), 104 Ohio St. 274, 135 N. E. 548; *In re Frey's Estate* (Ohio 1942), 139 Ohio St. 354, 40 N. E.. (2d) 145; *Peters v. Moore* (Ohio 1950), 154 Ohio St. 177, 93 N. E. (2d) 683.

Aside from Section 19-286 of our Code, we think that comity and due respect for the laws of a sister state require affirmance of the judgment here under appeal. And in this conclusion we are strengthened by the fact that the Ohio statute (Section 2107.48) forbids a proceeding in that state to contest a will executed and probated in another state.

Section 2107.13 of the Ohio Code provides that "no will shall be admitted to probate without notice to the surviving spouse and to the persons known to the applicant to be residents of the state who would be entitled to inherit from the testator * * * if he had died intestate." Appellant contends that this provision violates the due process clause in that it permits the will to be probated without notice of any kind to possible heirs residing, as he was, without the state of Ohio.

It is elementary that one whose rights have not been affected by a legislative act has no standing to attack its constitutionality. That principle is applicable here. Appellant admits that he had actual notice of the pendency of the probate proceedings in Ohio, and he does not suggest that such notice did not afford him ample opportunity to contest the jurisdiction of the court to entertain the application, Ohio Code, Section 2107.12, or to contest the validity of the will by an action in the court of common pleas of Cuyahoga County within the period limited by the Ohio statute for the commencement of such action. He makes no showing of impairment of his alleged right to notice, which is the sole ground of his charge of unconstitutionality; if by the alleged unconstitutional aspect of the statute the rights of others may be impaired, that is a matter with which appellant is not properly concerned, for he is the champion of his own rights only, not theirs. 11 Am. Jur., Constitutional Law, Section 111; *Buchanan v. Worley,* 245 U. S. 60, 38 S. Ct. 16, 62 L. Ed. 149; *Kirk v. Douglass,* 190 S. C. 495, 3 S. E. (2d) 536; *Dillon County v. Maryland Casualty Co.,* 217 S. C. 66, 59 S. E. (2d) 640; *Shipman v. DuPre,* 222 S. C. 475, 73 S. E. (2d) 716.

But assuming that appellant had standing to raise the constitutional question, his contention is, in our opinion, without merit. Since it canot be known with certainty what persons may have an interest at variance with the will, initial probate is in the nature of a proceeding in rem, seeking no personal judgment against anyone. 57 Am. Jur., Wills, Section 757; *Goodrich v. Ferris,* 214 U. S. 71, 29 S. Ct. 580, 53 L. Ed. 914; *Thompson v. Anderson,* 208 S. C. 208, 37 S. E. (2d) 581; *Davis v. Davis,* 214 S. C. 247, 52 S. E. (2d) 192; *Caverno v. Webb* (1940), 239 Ala. 671, 196 So. 723; *Miller v. Hill* (1943), 293 Ky. 242, 168 S. W. (2d) 769. Due process does not, in our opinion, require that the statute provide for notice to possible contestants in advance of such probate. *Mullane v. Central Hanover Bank & Trust Co.,* 339 U. S. 306, 70 S.

Ct. 652, 94 L. Ed. 865, cited by appellant in support of his contention as to this point, was concerned with proceedings for judicial settlement of a trustee's accounts. *Covey v. Somers,* 351 U. S. 141, 76 S. Ct. 724, 100 L. Ed. 1021, upon which he also relies, involved the foreclosure of a tax lien upon property known to be owned by an incompetent. *Walker v. City of Hutchinson,* 352 U. S. 112, 77 S. Ct. 200, 1 L. Ed. (2d) 178, also relied upon by appellant, was concerned with notice in a condemnation proceeding to a nonresident landowner. None of those cases had to do with the issue now under discussion, and we do not regard them as controlling or persuasive of that issue.

Nor do we think that *Riley v. New York Trust Co.,* 315 U. S. 343, 62 S. Ct. 608, 86 L. Ed. 885, affords sound basis, under the facts of this case, for appellant's contention that he is not concluded by the Ohio probate. The *Riley case* was concerned with the situs, for tax purposes, of certain assets of a decedent's estate, and with the question of the conclusiveness of a Georgia decree adjudging that the decedent was at the time of her death domiciled in that state. The validity of the will was not in issue. The State of New York, claiming that it was the state of domicile, procured the appointment of an administrator to protect its claim to inheritance and succession taxes. The assets in question consisted of stock of a Delaware corporation. The Georgia executors claimed the right to have the stock transferred to them on the books of the corporation; like claim was asserted by the New York administrator. The corporation then filed a bill of interpleader in a Delaware court to have these conflicting claims adjudicated. The Supreme Court of Delaware, rejecting the contention that it was concluded by the Georgia decree, held that New York was the state of decedent's domicile and directed the corporation to issue its stock certificate to the New York administrator. The Supreme Court of the United States, affirming, pointed out that the New York administrator was a stranger to the Georgia proceeding, and went on to say: "So far as the assets in

Georgia are concerned the Georgia judgment of probate is *in rem;* so far as it affects personalty beyond the state, it is *in personam* and can bind only parties thereto and their privies. * * *. Phrased somewhat diffierently, if the effect of a probate decree in Georgia *in personam* was to bar a stranger to the decree from later asserting his rights, such a holding would deny procedural due process."

Appellant relies also upon *Scripps v. Durfee* (1902), 131 Mich. 265, 90 N. W. 1061; but the facts in that case were quite different from those here. There the testator, in 1894, had executed a will in Detroit, Michigan, then his legal domicile. In 1900 he died in California, where he had been temporarily residing. His executors, claiming that he had lived in Ohio for some time prior to his death, presented the will for probate in that state and it was there admitted to probate on July 2, 1900. On June 30, 1900, after the application for probate, but before the admission of the will to probate in Ohio, decedent's brother petitioned the probate court of Wayne County, Michigan, for the appointment of an administrator of decedent's estate, alleging: that that county was decedent's domicile at the time of his death and that he had left a large estate there, both real and personal; that if in fact decedent had executed the will it was invalid because he was at that time mentally incompetent and unduly influenced by one of the beneficiaries of it; that petitioner had asked the executors to present the will for probate in Wayne County, Michigan, so that he and other heirs of the decedent might contest it; that they had refused to do so; and that the residuary legatees under the will had fraudulently conspired to have it probated in Ohio although it was well known to them that decedent's domicile was in Michigan. The probate court of Wayne County held that it was without jurisdiction to determine the question of decedent's domicile, or whether he died testate or intestate, until the will or a certified copy of it had been filed in that court by one claiming under the will, which petitioner was not. The Supreme Court reversed, holding: that the probate court of the tes-

tator's domicile had exclusive judisdiction to determine the validity of the will; that if a will has been admitted to probate by a court having no jurisdiction the decree of that court might be binding as to property within its jurisdiction, but is not conclusive upon the courts of other jurisdictions; and that the probate court of Wayne County should proceed to determine whether decedent's domicile was in Detroit, and, if it should so determine, grant letters of administration unless the executors should choose to present the will for probate there. The question of the validity of the will was not before the court, and was not passed upon.

In the case at bar the issue of domicile was submitted to the Probate Court of Spartanburg County on affidavits and other documentary evidence; and that court held, by implication at least, that the testator's domicile at the time of his death was in Ohio.. Appellant urges that this conclusion was clearly contrary to the preponderance of evidence on that issue. Assuming that appellant was such a stranger to the Ohio probate proceeding as to be entitled to raise the question of domicile in the South Carolina court, *Riley v. New York Trust Co., supra,* does not require that that issue be resolved in his favor. The Riley case simply held that the full faith and credit clause does not render a probate decree in one state as to domicile conclusive, in the courts of another state, against a stranger to that decree, in an action involving assets in such other state. Here the evidence as to domicile was conflicting, much of it on both sides being in the form of affidavits by persons interested in the result of the litigation. The testator's own declaration, in his will made less than a month before his death and evidently during his last illness, that he was "of Cuyahoga County, State of Ohio," and only "temporarily residing in Spartanburg County, State of South Carolina", was entitled to consideration. We are unable to agree with appellant in his contention that the court's holding as to domicile was clearly contrary to the preponderance of the evidence. Moreover, as we have before stated, appellant had actual notice of the pen-

dency of the Ohio probate proceedings. In the face of such knowledge he refused or neglected to appear and avail himself of his right to contest the jurisdiction of the probate court to entertain the application for probate, or of his right, within six months after the admission of the will to probate, to attack its validity as provided in the Ohio statute. He does not occupy, in a true sense, the position of stranger to the Ohio proceedings. *Robbins v. Chicago,* 4 Wall. 657, 71 U. S. 657, 18 L. Ed. 427.

We note, too, that the procedure sought to be invoked ■ by appellant was proof of the will in due form of law under our Code Section 19-255. By the terms of that statute such precedure is concerned not with the question of domicile, but only with the question of whether or not the will is a valid one. Under the facts of this case the lower court properly held that so far as the validity of the will was concerned the Ohio probate became conclusive as to appellant upon the expiration of the period limited by the laws of Ohio for contesting it. Such holding did not preclude the Probate Court of Spartanburg County from retaining ancillary jurisdiction in respect of assets of the estate located in South Carolina. Its retention of such jurisdiction was entirely proper.

Appellant contends that the lower court improperly ■ ■ held that the decedent was seized of no real estate in South Carolina at the time of his death, thereby ignoring or prejudging the action pending by appellant against respondent to set aside for mental incapacity and undue influence decedent's deed, executed shortly before his death, purporting to convey to her his South Carolina real estate. But we find nothing in either the probate or the circuit court decree that in our opinion warrants such conclusion. As mentioned in the probate decree, the deed, though under legal attack, must be regarded as valid until adjudged otherwise; and the circuit decree correctly stated that "the record shows that the decedent was not seized of any real

estate in South Carolina at the time of his death." Neither statement purports to prejudge, or is to be construed as prejudging, the pending action.

Affirmed.

TAYLOR, C. J., and MOSS, LEWIS and BUSSEY, JJ., concur.