HOLT, GUARDIAN, v. RICE, EXECUTOR.

H. was the guardian of B., an insane person, and in that capacity appealed from a decree of the judge of probate allowing the will of B.'s father. Pending that appeal B. died, and the executor of the father thereupon moved to dismiss the appeal. *Held*, that the motion must be denied, and that the administrator of B., upon furnishing proper security, might enter and prosecute the appeal.

THIS is an appeal by John Holt, guardian of Daniel Blanchard, Jr., an insane person, from the decree of the judge of probate for said county of Merrimack, allowing and approving the will of Daniel Blanchard, deceased, father of the said Daniel, Jr.

At the October term, 1870, issues from the law term were filed.

Since the last term, the said Daniel, Jr., has deceased, and at this term the appellee moves to dismiss the said action.

The appellant, denying that there is any cause for dismissal, moves that the administrator of the said Daniel, Jr., may come in, if needful, and prosecute said appeal.

*Pike & Blodgett*, for the appellant.

*Barnard & Sanborn*, for the appellee.

LADD, J.   It is unnecessary to inquire whether the cause of action, upon which this appeal rests, survives at common law or not.   Section 12 of ch. 207, Gen. Stats., provides that " actions pending at the death of either party, in which the right of action does not survive, may be prosecuted to final judgment at the election of the surviving party, or of the legal representative of the deceased party, as actions may be prosecuted the cause of which survives."   And sec. 16 of ch. 179, Gen. Stats., provides that " every administrator may prosecute or defend any action pending in any court for or against the deceased,

whether the cause of action does or does not by law survive, if he or the surviving party so elect; and any appeal or writ of review to which the deceased was entitled, or which might be prosecuted against him at the time of his decease, may be prosecuted by or against such administrator."

The case of *Vittum* v. *Gilman*, 48 N. H. 416, does not appear to be clearly apprehended by counsel. That was an appeal from the decree of the judge of probate refusing to extend the commission of insolvency on the estate of Wilkinson, a surgeon, on the application of the plaintiff. No question was made but that the appeal could be prosecuted to a final determination in this court; but the final judgment in that proceeding here must clearly have been, either that the commission be extended, reversing the decree of the judge of probate, or that the petition be dismissed, which would reaffirm the decree of the judge of probate refusing the extension.

The great question in the case was, whether the plaintiff had any claim against the estate, which could legally be allowed in case the commission were extended. If he had not, it would of course be idle to extend the time. That depended upon the question whether the plaintiff's claim for damages, on account of Wilkinson's want of care and skill in the care and treatment of his broken leg, survived. No action was pending at the death of Wilkinson, so that the statutes had no application. The question, therefore, was, whether the cause of action survived by the common law. The court decided that it did not, and the decree of the judge of probate refusing to extend the commission was accordingly affirmed. We cannot see that that case has any bearing, one way or the other, on the present.

It is urged that any person appealing from a decree of the judge of probate is required to give bond to prosecute his appeal and pay costs, &c.—Gen. Stats., ch. 188, sec. 3—and that there is no provision requiring the administrator, in a case like this, to furnish the bond required in other cases; and, therefore, that it cannot be supposed the legislature intended to provide for the prosecution of a case like this by an administrator.

This position cannot be maintained. The statute requiring a bond with sufficient sureties, implies that the bond shall be kept good throughout the pendency of the proceedings. Such bond is at all times under the inspection of the court, and when the administrator takes the place of the guardian, as a party on the record, the court could, and undoubtedly would, make such order in regard to the bond as would carry out the plain requirement of the statute, and furnish the defendant the security to which he is entitled by law.

The result is, that the administrator may come in and prosecute the appeal upon furnishing proper security for costs, &c., as required by law.                              *Case discharged.*