JOSIAH B. CAWLEY *vs.* MACELLA GREENWOOD, executor.

Middlesex.   March 19, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Probate Court.   Practice, Civil,* Appeal.

Under R. L. c. 162, § 13, providing that if a person who is aggrieved by a decree of the Probate Court "omits, without default on his part, to claim or prosecute his appeal and it appears that justice requires a revision of the case," the appellate court may allow an appeal to be entered and prosecuted, if the sole heir and next of kin of a person whose will has been allowed by a decree of the Probate Court after he received notice of the petition for the allowance of the will and until it was admitted to probate and for thirty days thereafter had sufficient intelligence and ability to have contested the allowance of the will or to have taken an appeal from the decree if he desired to do so, but, although requested to do so by his son, did not wish or intend to take any action in the matter, and took no action, he cannot be said to be "without default" within the meaning of the statute, and if he dies five months after the making of the decree his son, who has only the rights of his father, cannot maintain a petition under the statute for the entry of an appeal from the decree.

On a petition under R. L. c. 162, § 13, for leave to enter an appeal from a decree of the Probate Court after the expiration of the time allowed for such entry, a finding of a single justice that the equities between the parties are such that he ought not to disturb the decree is a finding that justice does not require a revision of the case within the meaning of the statute.

PETITION, filed November 24, 1903, under R. L. c. 162, § 13, for leave to enter an appeal from a decree of the Probate Court for the county of Middlesex made on May 19, 1903, allowing a certain instrument as the last will and testament of Lovisa P. Bachelder and appointing the respondent executor thereunder.

The case was heard by *Braley*, J., who at the request of the

petitioner appointed a commissioner under Chancery Rule 35 to take the evidence, and made a decree dismissing the petition.    The petitioner appealed.    The material facts found by the justice are stated in the opinion.

*J. F. Manning & H. P. Harriman,* for the petitioner.

*J. J. Harvey, (J. J. Pickman* with him,) for the respondent.

SHELDON, J.    Lovisa P. Bachelder, a widow, died on the seventh day of March, 1903.    She had executed a will on February 4, 1892, and a codicil thereto on June 23, 1899.    She left as her sole heir and next of kin a brother, Charles Cawley.    The respondent, who was nominated as the executor of her will and codicil, presented them to the Probate Court for the County of Middlesex, of which she had been a resident; proper citation was issued thereon, and was duly served, returnable on March 24, 1903.    Personal service of this citation was made on Charles Cawley.    He did not appear to oppose the probate of the will and codicil; but Josiah B. Cawley, the petitioner, a son of Charles Cawley, employed counsel to contest it, and they wrote a letter to Charles Cawley, asking leave to contest it in his behalf.    He received this letter, but did not answer it, and gave no consent to making any contest.    Accordingly, after many adjournments from time to time, the will and codicil were formally proved on May 19, 1903, and were allowed by the Probate Court; and letters testamentary were issued to the respondent on that day.    Charles Cawley died on October 23, 1903.    Josiah B. Cawley, his son, filed this petition on November 24 in the same year, under R. L. c. 162, § 13, alleging that he is a nephew of Mrs. Bachelder, that he is aggrieved by the decree of May 19, 1903, allowing her will and codicil, and has omitted to claim and prosecute an appeal therefrom within thirty days without default on his part, and that justice requires a revision of the case; and praying that he may be allowed to enter an appeal from the decree.

The petitioner was not himself an heir of Mrs. Bachelder at the time either of her decease or of the allowance of her will and codicil.    His rights have accrued only since the death of his father, Charles Cawley, who was such an heir, and who died five months after the making of the decree complained of.    His father had full notice of the petition for the allowance of the

will and codicil, was informed of their contents, was invited by the counsel of his son, the present petitioner, to oppose their allowance, but did not choose to do so; and they were finally approved and allowed after successive adjournments covering a period of nearly two months. To overcome this apparent acquiescence, the petitioner offered evidence to show that his father, who was a very aged man and suffering from a long continued sickness, was not of mental capacity to understand the matter or to act intelligently thereon ; but after a full hearing it was found by the justice of this court before whom the hearing was had that the elder Cawley, after he received notice of the petition for the allowance of the will and codicil and until they were admitted to probate and thirty days from the date of the decree had expired, had sufficient intelligence. to have contested their allowance or to have taken an appeal from the decree, if he had so desired; that he had ability to understand the general matter, to make up his mind and to state if he desired to have the will contested, and to act in the matter; and that he did not wish or intend to act in it. After reviewing the printed report of the evidence, which was taken by a commissioner, we are fully satisfied with the finding. This is decisive of the present petition, under the doctrine of *Kent* v. *Dunham*, 14 Gray, 279. The petitioner has only the rights of his father ; his father has had his day in court and his opportunity to claim an appeal, and if he were living could not now be allowed to prosecute such a petition as this; he could not be said to be without default within the meaning of R. L. c. 162, § 13.

It may be added that the single justice also found that the equities between the parties were such that he ought not to disturb the decree. This we think must be construed to be a finding that justice does not require a revision of the case. *Capen* v. *Skinner*, 139 Mass. 190. In our opinion the evidence warrants this conclusion.

The decree of the single justice denying the petition must be affirmed.

*So ordered.*