ABBIE H. GOODRICH, executrix, *vs.* LILLIAN
E. HANSON & another.

Suffolk.    March 10, 1921. — April 7, 1921.

Present: RUGG, C. J., BRALEY, PIERCE, CARROLL, & JENNEY, JJ.

*Probate Court,* Jurisdiction, Notice, Appearance to contest, Decree, Appeal. *Insane Person.*

If, upon the issuance of an order of notice by the Probate Court upon a petition for the proof and allowance of a will, directing all persons interested in the estate of the deceased "to appear at a Probate Court, to be held" on a certain day "at ten o'clock in the forenoon, to show cause," if any they had, why the petition should not be granted, an attorney on behalf of one, who is not next of kin of the deceased and who is given a legacy by the will, entered an appearance on behalf of his client five days before the return day and, shortly after ten o'clock and before eleven o'clock on the day named for the hearing, the case is called for hearing and no person is then present to oppose the petition, the judge may hear and determine the petition and may enter a decree

thereon and is not required to await the passage of one hour from the hour set in the order of notice.

In the circumstances above described, the judge had jurisdiction under G. L. c. 192, § 2, to allow the will upon the testimony of one only of the subscribing witnesses.

After the entry of the decree in the circumstances above described, an attorney at law without the consent of the court entered his appearance for the sole next of kin of the testator, stating that his client was insane although he had not been so adjudicated and had no guardian or legal representative, and that he, the attorney, was taking steps to have a guardian appointed; and he urged that the decree be revoked and, the judge refusing to do so, an appeal from the decree by the next of kin "through his temporary guardian" was entered nineteen days later. *Held*, that the fact, if it were a fact, that the next of kin was insane did not make the entry of the decree improper.

PETITION, filed in the Probate Court for the county of Suffolk on October 20, 1920, for the proof and allowance of the will of Mary S. Knowlton, late of Boston.

The record did not include a copy of the order of notice nor of the affidavit of its service.

The only next of kin named in the petition was Edward Roundy of Marblehead, an uncle of the decedent. The alleged will contained eleven paragraphs, Edward Roundy being given $100 by the second paragraph, Elizabeth G. Hanson $5,000 by the third paragraph and Lillian E. Hanson, daughter of Elizabeth G. Hanson, $5,000 by the fourth paragraph. There were other specific legacies amounting to $16,700; and a trust fund of $10,000 was established, the principal of which on the death of certain life beneficiaries, was given to Abbie H. Goodrich, who also was named as executrix and residuary legatee.

After the entry of the appearance by an attorney at law on behalf of Lillian E. Hanson, the will was allowed by *Prest*, J., in her absence and in the absence of her attorney when the case was called for hearing in the circumstances described in the opinion; and she claimed an appeal.

After the allowance of the will and without the consent of the court, an appearance was entered by the same attorney at law on behalf of Edward Roundy, with the statements described in the opinion, and, the judge refusing to revoke the decree, nineteen days later an appeal was entered by Roundy "through his temporary guardian, Elizabeth G. Hanson."

At the request of the appellants, the judge reported the case to this court, the report being made "as though both appeals were consolidated."

*M. L. Sullivan & M. J. Reardon,* for the appellants, submitted a brief.

*A. F. Converse,* for the executrix.

JENNEY, J.   On October 20, 1920, Abbie H. Goodrich filed in the Probate Court for the county of Suffolk a petition for the proof and allowance of the will of Mary S. Knowlton and the appointment of the executrix named therein.   A citation was issued returnable on November 4, 1920, and due service was made thereof.   On October 30, an appearance was entered for Lillian E. Hanson, whose only interest was that of legatee under the will propounded for probate.

It is assumed that the order of notice was in accordance with the form approved by this court under the provision of statute now embodied in G. L. c. 215, § 30; and, therefore, that it cited all persons interested in the estate "to appear at a Probate Court, to be held . . . on the fourth day of November A. D. 1920, at ten o'clock in the forenoon, to show cause," if any they had, why the petition should not be granted.   On the day named in the citation shortly after the hour fixed therein, the petition was called by the sitting judge, and while counsel appeared in behalf of the executrix, no one appeared in person in opposition to the granting of the petition.   Counsel for the executrix stated that Lillian E. Hanson, who had entered a written appearance, was neither an heir nor next of kin of the deceased, and that there was no other will.   The will was then proved by the testimony of one of the subscribing witnesses, and a decree entered allowing it as the last will of Mrs. Knowlton.   After the entry of said decree and prior to eleven o'clock in the forenoon of that day, counsel appeared in court and stated that he intended in behalf of Lillian E. Hanson to oppose the probate of the will.   The findings made by the judge under the provisions of St. 1919, c. 274, § 3 (now G. L. c. 215, § 11), clearly state what then occurred: "He [counsel for Lillian E. Hanson] urged and asked that the court should find and rule that the court could not give a hearing on the return day; that the respondent could appear at any time during the return day and have the right to be heard; that in no event could the court make a valid decree before eleven o'clock in the forenoon of the return day and he urged that the decree be revoked.   He made no objection to the appointment

of the executrix or to the approval of her bond and he made no contention that the legatee had any adverse interest under the will. Still later in the forenoon and after said decree had been made but before eleven o'clock, he entered his appearance, without consent of the court, for Edward Roundy, whom he stated was an heir-at-law and insane though he had not been adjudicated insane and had no guardian or legal representative but that he . . . was taking steps to have a guardian appointed for him, and he again urged that the decree be revoked on the same grounds above set forth. I refused to revoke the decree and I found and ruled that the times of hearings in the Probate Court at and after ten o'clock in the forenoon of the return day are discretionary with the judge of probate." Lillian E. Hanson and Edward Roundy have appealed from the decree so entered.

The appellants argue in support of their appeals that the decree was entered prematurely; that the will was not duly proved because the testimony of one only of the subscribing witnesses was taken; and that the judge should have revoked the decree.

The first claim is founded on a misconception of the proper construction of the course of procedure in the probate courts of this Commonwealth. The order of notice directed any party interested in opposition to the allowance of the petition to appear not merely at a definite hour, but at a probate court to be held on that hour on a stated day. See Const. Mass. c. 3, art. 4; Prov. St. 1719–20, c. 10, § 8; 21 Law Rep. 78. The contention that under the terms of such a notice the court cannot function until the expiration of the hour at which it was to be held would equally be applicable to the power of courts of general jurisdiction to act upon orders to show cause why injunctions should not issue, and upon other orders of notice, before the expiration of the hour at which they were made returnable. Such a claim, if made by a witness summoned to appear at a definite hour, would clearly be unfounded.

In accordance with the analogy of judicial proceedings in courts — as distinguished from magistrates exercising judicial powers — and also under immemorial and well known practice, the court properly was open at the beginning of the hour on which the citation was returnable to hear and determine the petition; and it was the duty of all persons who desired to oppose its allow-

ance then to be present, even although appearance might have
been entered in their behalf. The judge was authorized to act
upon the petition at the time when it was presented to him. No
default as such was entered, as the petition was heard. The
cases, upon which the appellants rely, relating to civil process
before justices of the peace and to poor debtor proceedings, are
based either upon long established practice before magistrates or
upon the peculiar character of the proceedings. *Blanchard* v.
*Walker,* 4 Cush. 455. *Hobbs* v. *Fogg,* 6 Gray, 251. *Jacot* v.
*Wyatt,* 10 Gray, 236, 238. *Phelps* v. *Davis,* 6 Allen, 287. *Hills*
v. *Jones,* 122 Mass. 412.

The statute then in force provided: "If it appears to the Pro-
bate Court, by the consent in writing of the heirs, or by other
satisfactory evidence, that no person interested in the estate of
a person deceased intends to object to the probate of an instru-
ment purporting to be the will of such deceased person, the court
may grant probate thereof upon the testimony of one only of the
subscribing witnesses; and the affidavit of such witness, taken
before the register of probate, may be received as evidence. If
the probate of such instrument is assented to in writing by the
widow or widower of the deceased, if any, and by all the heirs
at law and next of kin, it may be allowed without testimony."
R. L. c. 136, § 2, as amended by St. 1912, c. 493; G. L. c. 192,
§ 2. When the petition was heard by the court, no one was
present in opposition to its allowance. The written appearance
was in behalf of one presumably to benefit by the action taken;
the record does not show that it was for the purpose of objecting
to the probate of the will. In these circumstances, the court
could properly act upon the testimony of one witness.

The appearance in behalf of Edward Roundy is governed by like
considerations; it was not made until after the petition had been
acted upon and the decree entered. The fact, if it were a fact, that
he was insane did not prevent the entry of the decree. *Bonnemort*
v. *Gill,* 167 Mass. 338. *McKenna* v. *McArdle,* 191 Mass. 96.

The remaining question relates to the maintenance of the
appeal because of a failure to revoke the decree, but that ques-
tion is not open on this appeal. As the court had jurisdiction
and the decree was properly entered, no error appears.

*Decree affirmed.*