JOHN F. MCNULTY vs. ELWOOD A. HOWE.

Norfolk.    March 26, 1935. — May 1, 1935.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Probate Court*, Proceedings in equity, Discovery, Decree, Rules of court.

An examination in writing under G. L. (Ter. Ed.) c. 215, § 44, is merely
for the purpose of discovery; that statute confers no jurisdiction upon
the Probate Court to proceed further or grant relief against the per-
son examined.

A petition in a probate court, seeking to have the respondent ordered
to turn over to an estate a sum of money belonging thereto which
was disclosed to be in his hands by a previous examination of him
under G. L. (Ter. Ed.) c. 215, § 44, was not a continuation of the
proceeding for examination.

The entry of a final decree on a petition in equity in a probate court
on the return day of the citation, without the respondent's having
had an opportunity to plead to the petition as permitted by Equity
Rules 4, 5, and 6 of the Probate Courts (1923), was improper, and
the decree must be reversed on appeal.

PETITION, filed in the Probate Court for the county of
Norfolk on June 18, 1934.

The petition and the entry of a decree thereon by
*McCoole*, J., are described in the opinion. The respondent
appealed.

*E. A. Howe, pro se*, submitted a brief.

No argument nor brief for the petitioner.

RUGG, C.J.    This is an appeal by the respondent from
a decree entered upon a petition brought in the Probate
Court. The record consists of the petition, the citation
and return of service, the appearance of the respondent,
the decree and appeal therefrom. The petition recites that
a petition has been brought against the respondent under
G. L. (Ter. Ed.) c. 215, § 44. That section provides for
the examination in writing of a person suspected of having
fraudulently received, concealed, embezzled or conveyed
away property of a deceased person. Further recitals are
that there has been such an examination of the respondent

and that it has been filed with the Probate Court, and that it thus appears that there is in the hands of the respondent the sum of $800.61 belonging to the estates of Catherine J. McNulty and Thomas F. McNulty. The prayer of the petition is that the respondent be ordered to turn over to the administrators of those estates that sum. Citation was issued in usual form returnable on July 5, 1934, citing the respondent to appear and to show cause against the allowance of the petition. There was proper return of service of the citation. An appearance was filed by the respondent setting forth physical disability as a reason for not appearing in person on the return day; this is not supported by affidavit. On the return day of the citation, July 5, 1934, a decree was entered in accordance with the prayer of the petition. From this decree the respondent has appealed. There is no report of material facts. There is no report of evidence.

This petition is not a continuation of the proceedings for examination under G. L. (Ter. Ed.) c. 215, § 44. Those proceedings are for the "purpose of discovery in a summary mode. They are not the foundation of any decree, but are merely subsidiary to some other proceeding, either in the same or some other court." *Martin* v. *Clapp*, 99 Mass. 470, 471. In *Selectmen of Boston* v. *Boylston*, 4 Mass. 318, 322–323, it was said concerning procedure under St. 1783, c. 32, § 12, now G. L. (Ter. Ed.) c. 215, § 44, that "it is very clear that the authority of the Court, under that provision, extends only to an examination for the purpose of discovery. No other power is given by the statute; and, in that extent, it is analogous to the power exercised by the Court of Chancery, in *England,* upon a bill for discovery. The examination is not to be controlled by other evidence. No relief can be granted upon it; the remedy being employed to enable the complainant to bring an action at law, or to furnish evidence in a suit pending." It is plain that, merely because of said § 44, no jurisdiction is conferred upon probate courts to proceed further against the person examined. Such jurisdiction must depend upon other factors. There are no allegations in the petition that the

respondent has occupied any position of trust by appointment of the court or otherwise with respect to the two estates mentioned. *Higbee* v. *Bacon,* 7 Pick. 14. *Pope* v. *Jackson,* 11 Pick. 113. *Sigourney* v. *Wetherell,* 6 Met. 553, 562. *Peters* v. *Peters,* 8 Cush. 529, 540–543. There are no allegations setting out any jurisdiction peculiar to probate courts under our system of law. For aught that can be inferred from this record, the respondent is a third person with reference to the estates mentioned in the petition and is simply debtor to them with some element of fraudulent conduct attaching to his indebtedness. That alone affords no ground for proceedings against the respondent under our probate procedure. Therefore, there is no room for the application of the principle of probate practice set forth in *Goodrich* v. *Hanson,* 238 Mass. 313, to the effect that the court could act upon the petition at the beginning of the hour on which the citation was returnable.

Apparently the petition is based upon some theory of equity jurisdiction. See *Nelson* v. *Peterson,* 202 Mass. 369; *Mitchell* v. *Weaver,* 242 Mass. 331, 335; *Buzzell* v. *Schulz,* 273 Mass. 372. There is nothing in the petition or in the citation to indicate that the proceeding was not intended to be in accordance with the equity practice of the probate courts. There was no special order in the citation or otherwise that there would be a hearing immediately on its return. It was provided by the rules of the probate courts then in force that the "day of appearance shall be the return day of the citation, unless the court shall otherwise order; and if the respondent shall not appear and file his answer, plea, or demurrer within fourteen days thereafter, the petition shall be taken for confessed," and that the "respondent may, at any time before the petition is taken for confessed . . . demur, plead, or answer to the petition;" and that he "shall answer fully, directly and specifically to every material allegation or statement in the petition." See rules 5, 6 and 4 of the probate equity rules in force at the time of these proceedings.

These rules were authorized by G. L. c. 215, § 30. They were binding upon the judge of the Probate Court. The

entry of a final decree on the return day of the citation without giving the respondent opportunity for filing appropriate pleading as permitted by the rules was premature and unwarranted upon this record. It follows that it must be reversed. *Everett-Morgan Co.* v. *Boyajian Pharmacy,* 244 Mass. 460, 461–462. *Baker* v. *Blood,* 128 Mass. 543, 545. *Carp* v. *Kaplan,* 251 Mass. 225, 228. The principle applied in *Jordan* v. *Ulmer,* 237 Mass. 577, is inapplicable on this record. Whether this is in truth a proceeding in equity need not, and perhaps cannot, now be determined. The respondent ought to have opportunity to plead to the petition under the equity practice of the probate courts.

*Decree reversed.*