ALBERT J. HEALEY *vs.* JOSEPH F. HENNESSEY, special
administrator.

Essex.    May 12, 1936. — July 1, 1936.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Will*, Validity.    *Probate Court*, Jury issues.

One, who was next of kin and was named as an annuitant from income
of a trust established by the residuary clause of a will, had no stand-
ing to object to the allowance of the will on the ground that it was
procured to be executed by undue influence exerted on the testator
by one named as a specific legatee in the will and also as an annuitant
under the residuary trust, where it appeared that the estate left by
the testator was ample to satisfy all specific legacies and annuities
under the trust.

PETITION, filed in the Probate Court for the county of
Essex on July 3, 1935, for proof of the will of Bartholomew
J. Donnelly, late of Swampscott.

A sister of the decedent, Mary E. McCormick, moved for
jury issues.    The motion was heard by *Dow*, J., and was
denied.    The contestant appealed.    The contestant subse-
quently died, and the appeal was prosecuted by the special
administrator of her estate.

From the statement made by counsel for the contestant,
it appeared that the estate was ample in amount to pay all
specific legacies and also to satisfy the requirements of an
annuity for the contestant provided from a residuary trust.

Anna G. Murray, named in the motion for jury issues,
was stated by the testator in his will to be his cousin.    The
provisions therein made for her were a pecuniary legacy of
$20,000, and a specific bequest of automobiles; and, from
the residuary trust, an annuity of $10,000, and the privilege
of occupying certain real estate during her life.

*J. B. Ely*, for the contestant.

*J. W. Sullivan*, (*J. F. Doyle* with him,) for the petitioner.

*J. M. Cunningham*, for the Roman Catholic Archbishop
of Boston; *J. F. McDonald & W. B. Sullivan, Jr.*, for The

House of the Good Shepherd; & W. J. McCarty, for Working Boys' Home, submitted a brief.

D. P. Callahan & W. J. Griffin, for House of Providence, submitted a brief.

J. F. Cronan, for The Institution of the Little Sisters of the Poor and another, submitted a brief.

CROSBY, J. This is an appeal by the contestant from a decree of the Probate Court, denying her motion for the framing of jury issues relating to the execution of an instrument offered for probate as the will of Bartholomew J. Donnelly. On May 11, 1936, a suggestion of death was filed by Joseph F. Hennessey, reciting that "on March 31, 1936, your contestant, Mary E. McCormick, died and that on May 7, 1936, the undersigned was duly appointed special administrator of the estate of the said Mary E. McCormick for the purpose of prosecuting an appeal, by a decree of the Probate Court of Hampden County"; and he also filed a motion that he be allowed as special administrator to prosecute said appeal. This motion was filed and allowed on May 11, 1936.

The motion to frame issues for jury trial was heard on oral statements of counsel. Counsel for the contestant waived so much of the motion as requested a jury issue as to the execution of the will. This constituted the first issue set forth in the motion. The second issue was as follows: "Was the said Bartholomew J. Donnelly at the time of the execution of the said alleged will of sound mind?" Counsel stated to the judge of probate that he relied on the third issue, which is as follows: "Was the execution of said alleged will of said Bartholomew J. Donnelly procured by the fraud or undue influence of Anna G. Murray and Albert J. Healey or either of them, exercised upon the said Bartholomew J. Donnelly?" The record recites that the decedent was born in Springfield in this Commonwealth on December 20, 1867, and died at the Charlesgate Hospital in Cambridge June 28, 1935, following an operation performed on June 17, 1935. He left as two of his next of kin two sisters, Mary E. McCormick, who is the only contestant, and Elizabeth Nelmes of Jamaica Plain, Boston. There

also survived him the children of two deceased brothers. His brother James Donnelly had five children, and his brother Thomas had two. His sister Elizabeth Nelmes had two children, and the contestant had five. The decedent married in January, 1901; his wife died in March, 1925. There were no children of the marriage. Counsel for the contestant stated at length facts upon which he relied relating to fraud or undue influence on the part of Anna G. Murray and Albert J. Healey or either of them. No person interested in the will, with the exception of the one contestant, appeared in objection to its allowance.

At the close of the statements by counsel the judge ruled: "1. On all the statements heard by the court there is no legal foundation for a finding that any of the residuary legatees named in the instrument offered for probate, or the proper authorities having control of St. John's Roman Catholic Parish, of Swampscott, Massachusetts, described in paragraph (14) E of the will, practised or participated in any fraud or undue influence on the testator Bartholomew J. Donnelly. 2. Upon all the statements before the court, the contestant is not a person entitled to object to any legacy or devise to Anna G. Murray." When these rulings were made the following colloquy took place: The judge asked counsel for the contestant, "Do you have any objection to this?" and he replied, "I haven't studied it. I don't think St. John's Roman Catholic Parish exerted any undue influence or fraud. I never have claimed they did; I never intimated that they did, therefore I think you may as well make the ruling."

The rulings were correct; therefore the decree of the Probate Court denying issues must be affirmed. *Wellman* v. *Carter*, 286 Mass. 237.

Apart from the making of the rulings above referred to, an examination of the entire record discloses no evidence of any undue influence exercised on the part of Mrs. Murray or of Albert J. Healey, a member of the bar of this Commonwealth, who was appointed by the decedent as executor and trustee of the will, with a request that he be exempt from furnishing any sureties on his official bond in each

capacity. Some weight is to be attached to the decision of the judge of probate. *Fuller* v. *Sylvia*, 240 Mass. 49. *Clark* v. *McNeil*, 246 Mass. 250, 255. *Cranston* v. *Hallock*, 281 Mass. 182. *Terry* v. *King*, 286 Mass. 598. *Crosby* v. *Tracy*, 290 Mass. 46. *Briggs* v. *Weston*, 294 Mass. 452.

*Decree denying issues affirmed.*