# Hall et al. v. Blackard, et al.

Oct. 13, 1944.

Evan McCord and Frank S. Ginocchio for appellant.

Will D′ Jesse, Colvin P. Rouse, and Duncan W. Hamilton for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

The first of the two appeals bearing the above caption is from a judgment of the Woodford Circuit Court entered on November 4, 1942, pursuant to the verdict of a jury in a will contest establishing the validity of the probated will of Jeptha Blackard, who died on November 25, 1940. The second appeal is from a judgment of the Circuit Court on appeal from the judgment of the County Court overruling, as had the County Court, a motion made by appellants in the County Court on October 26, 1943, to set aside as void the original order of probate and the order appointing an executor.

Mrs. Nannie B. Crews, a sister and an heir at law of the testator, and the instituter of the will contest, committed suicide after she had been granted an appeal by the Circuit Court from the judgment entered in that proceeding. Shortly after the transcript had been lodged in the Clerk's office of this Court, we formally sustained a petition to revive the action in the name of her personal and real representatives, and the appellees have moved to set this order aside, claiming that the right to contest a will does not survive the individual in whom, by reason of his heirship to the testator, the right vested at the latter's death. The question thus raised is also pertinent to the decision of the second appeal, since the motion to set aside the original order of probate was made, not by Mrs. Crews, but by her personal and real representatives. Strange as it may seem, this question has never been authoritatively decided in this State, although it has been suggested. See Young's Ex'r v. Toliver's Adm'r, 214 Ky. 769, 284 S. W. 389. The objections to the survival of the cause of action are well stated by the Missouri Supreme Court in the case of Braeuel et al. v. Reuther et al., 270 Mo. 603, 193 S. W. 283, L. R. A. 1918A, 444, Ann. Cas. 1918B, 533, where, as here, the contestant died pending an appeal from the judgment upholding the will, and the Court held that while the action could not be revived, since there was no survival of the cause of action, nevertheless, the action, having been instituted by those in whom the right to sue vested at the testator's death, should proceed to

final determination in view of the requirement of the Statute that the propounders establish the will in the Circuit Court following an appeal from the Probate Court. While the adoption of the Missouri practice would solve in part the difficulties confronting the present appellants, it would leave remediless those descendants of an incompetent or unduly influenced testator whose parents, by reason of untimely death, had been prevented from instituting contests. While a contrary doctrine might through the untimely death of a childless child permit contests by those further removed from the testator and possessing lesser moral rights than descendants, the practical result would be the same as if, holding that the right of action did not survive, we should nevertheless hold, as we in any event would be compelled to, that such more distantly removed relatives of the testator were necessary parties to, and entitled to share in the proceeds of a contest instituted by an immediate heir. Let us suppose that one of two sons forged and secured the probate of an instrument purporting to be the will of his father devising the entire estate to the forger, and that the other son, possessing evidence of the forgery and intending to contest the will, died before he could carry his intentions into effect. Would we be justified, unless confronted by insurmountable legal obstacles to the exercise of the right of contest by others than those in whom such right vested at the moment of the purported testator's death, in holding that the children of the deceased son were without remedy?

Neither in our statutory law nor in the decisions of those Courts which have denied the survival of the cause of action, notably those of Illinois, Missouri, and Maryland, have we found such obstacles. It is true that our Statutes defining the duties and powers of personal representatives do not expressly authorize them to institute will contests for the benefit of the estates of their decedents; that will contests were unknown to the Common Law; and that it has been frequently, though inaccurately stated that in the absence of a Statute only such actions survive as survived at Common Law—considerations deemed insurmountable by those courts which have denied the right of survival. But the silence of the Common Law on a subject unknown to it, and the failure of the Legislature to voice those of its principles which, by analogy, are clearly applicable to that

subject, should not be construed so as to deprive one of the right to seek to recover property which, but for a wrong, would have been legally his by inheritance. Or, as stated by the Ohio Supreme Court in upholding the survival of the cause of action:

"Section 11235, General Code, provides that: 'In addition to the causes which survive at common law, (the) causes of action for mesne profits, or injuries to the person or property, or for deceit or fraud, also shall survive; and the action may be brought notwithstanding the death of the person entitled or liable thereto.'

"In construing this statute, the Court of Appeals said in its opinion in this case: 'A will contest is a proceeding unknown to the common law, and the right could not therefore be a cause of action which would survive at common law.'

"It is wholly unimportant whether a will contest is or is not a proceeding unknown to the common law, for the principles of the common law readily adapt themselves to the changing nature of human affairs." Chilcote, etc., v. Hoffman, Ex'rs, etc., of John Hoffman, Deceased, 97 Ohio St. 98, 119 N. E. 364, L. R. A. 1918D, page 575.

We have incorporated the Ohio Statute in the above quotation because of its similarity, in effect, to ours, KRS 411.140, which provides:

"No right of action for personal injury or injury to real or personal property shall cease or die with the person injuring or injured, except actions for assault, slander, libel, criminal conversation, and so much of the action for malicious prosecution as is intended to recover for the personal injury. For any other injury an action may be brought or revived by the personal representative, or against the personal representative, heir or devisee, in the same manner as causes of action founded on contract."

In speaking of this Statute and of those preceding it, Judge Newman, in his work on Pleading and Practice, Third Edition, Volume 1, Sections 174 to 174c inclusive, and 122c, very clearly points out that our Legislature has provided for "the revivor of all such causes of action as related to real or personal property;" and that only "where the right affected was not tangible, and conse-

quently could not be affected by force, as reputation and health," or where the cause of action arises out of a limited class of personal service contracts, has the right of revival in general been denied. See also Prescott v. Grimes et al., 143 Ky. 191, 136 S. W. 206, 33 L. R. A., N. S., 669; Gross' Adm'r v. Ledford, 190 Ky. 526, 228 S. W. 24, 14 A. L. R. 689. In view of the principles to be gathered from these authorities and the added fact that a will contest is a proceeding in rem (Miller et al. v. Hill et al., 293 Ky. 242, 168 S. W. 2d 769), we have no difficulty in concluding that the right to contest a will, if unrelinquished by its immediate possessor through his acceptance of benefits thereunder, or otherwise, survives his death; from which it follows that since the estate consisted entirely of personalty, the order reviving the will contest in the name of the contestant's personal representative was proper.

Aside from the contention that the original order of probate was void because the presiding County Judge was a legatee under the will, the only grounds for reversal alleged by appellants are that the Circuit Court erred in denying the contestant's petition for a change of venue, and that the jury's verdict upholding the will was palpably and flagrantly against the weight of the evidence.

The petition for a change of venue was based on the contention that because of the influence of the County Judge and his family, the contestant could not secure a fair and impartial jury in Woodford County. We have read the affidavits supporting and opposing the petition for a change of venue, and are unable to say that the Court abused its discretion in denying it.

With respect to the claim that the jury's verdict was palpably and flagrantly against the weight of the evidence, it is sufficient to say that this Court has heretofore, on motion, stricken from the record the Bill of Exceptions because it was not timely filed, and hence, the testimony heard at the trial is not before us.

This leaves for consideration only the question, whether, because the County Judge who presided when the will was probated was a beneficiary thereunder, the order of probate was a nullity, and if so, whether that fact affects the validity of the judgment of the Circuit Court in the will contest adjudicating the will to be

valid and certifying its validity to the County Court. The extent of the County Judge's interest was that he, as well as three of his brothers and sisters, the children of the testator's brother who was the chief beneficiary under the will, was bequeathed the sum of $500. Several authorities are cited by appellants to the effect that where a judge is a party to the proceedings and his personal interest is involved, he is incompetent to sit, and that "where there is anything to be decided by him, where he can profit by his own decision, he is disqualified to act, and, if he acts, his judgment is void." Indeed, it was so stated in the case of Coquillard Wagon Works et al. v. Melton, Sheriff et al., 137 Ky. 189, 125 S. W. 291, 293. However, immediately following this statement, the Court, speaking through Judge O'Rear, in the opinion cited, said:

"But it has been held, and it seems in good sense, that a judge if sued can enter judgment against himself, if he does not controvert the grounds of suit. Thornton v. Lane, 11 Ga. 459. After the judgment in the circuit court, there was nothing to be adjudicated— no dispute of fact or of law. That which remained to be done was formal and ministerial. It might have been required of the clerk of the circuit court, or by the sheriff alone, if the Legislature had seen fit. But to keep a record of the whole proceedings in that office— the office of the clerk of the county court—where other liens are required to be registered, it was provided that the original papers and a copy of the judgment in the circuit court be transmitted to the county court, which should proceed to execute the judgment of the higher court. There being nothing to be decided henceforth by the county court, there was no impropriety in Judge Hart's acting in the matter, no more than if the judgment had been against the clerk of the court, and he had been required to issue execution against himself."

It is true that the proceeding in the case cited was a proceeding to establish a drainage district and that the complained of order was entered by the Judge of the County Court, an interested party, after the proceeding had been returned to the County Court by the Circuit Court which, on appeal, had determined the rights of the parties. But it seems to us that the principles are clearly applicable to the case at Bar, since, as then permitted by the Statutes, the will was probated without

notice to the parties, without objection from anyone, was regular on its face and duly witnessed, and was eventually contested in the Circuit Court, which fixed the rights of the parties, on the grounds of testamentary incapacity and undue influence. We are not prepared to say that where, as here, the proceedings were formal and uncontested, an order of probate entered by an interested county judge without objection is void, or even voidable. But be this as it may, by appealing to the Circuit Court without first moving the County Court to set aside the order, the contestant estopped herself from contending that because the order was void, the appeal was a nullity. While Section 763, Civil Code of Practice, by its terms applies only to appeals to the Court of Appeals, it announces a principle generally applicable. We do not mean to say that prosecuting an appeal from a void order without having moved the Court entering it to set it aside would render the order valid, or result in any other penalty than a dismissal of the appeal on timely motion. But the Circuit Court, on appeal from an order of the County Court probating a will, acquires jurisdiction to direct or deny probate; and the Circuit Court in the case at Bar, having acquired jurisdiction of the subject matter and the parties by an appeal, the validity of which the contestant is estopped to deny, the validity of its judgment establishing the will and certifying its findings to the County Court is not affected by any infirmity in the original order of probate from which the appeal is prosecuted. Brown et al. v. Vancleave et al., Ky., 21 S. W. 756.

The judgment in each case is affirmed.