ALBERT H. CLINE *vs.* DAVID CLINE.

Norfolk. December 1, 2, 1952. — January 7, 1953.

Present: QUA, C.J., LUMMUS, RONAN, WILLIAMS, & COUNIHAN, JJ.

*Probate Court*, Discovery, Judicial discretion. *Equity Jurisdiction*, Discovery. *Words*, "May."

Dismissal of a petition for discovery brought in a Probate Court under G. L. (Ter. Ed.) c. 215, § 44, as amended by St. 1941, c. 323, § 1, and St. 1943, c. 91, is within the discretion of the court. [652]

An ex parte order by a judge of a Probate Court for issuance of a citation upon a petition for discovery brought under G. L. (Ter. Ed.) c. 215, § 44, as amended by St. 1941, c. 323, § 1, and St. 1943, c. 91, did not preclude subsequent dismissal of the petition as a matter of discretion after hearing. [653]

No abuse of discretion in the dismissal by a judge of a Probate Court of a petition for discovery brought under G. L. (Ter. Ed.) c. 215, § 44, as

amended, was disclosed by facts reported which would have warranted the judge in finding that the petitioner was not acting in good faith, or that the complaints against the respondent were vague, or that the benefit to the petitioner from the discovery sought would be disproportionate to the trouble and expense to which the respondent would be put, or that there was available to the petitioner another adequate method of obtaining the information sought. [653]

PETITION for discovery, filed in the Probate Court for the county of Norfolk on January 16, 1952.

The petitioner appealed from a decree by *Reynolds, J.,* dismissing the petition.

*Max J. Zieman,* (*Maurice B. Ulin* with him,) for the petitioner.

*George Alpert,* for the respondent.

COUNIHAN, J. This is a petition for discovery filed in the Probate Court under G. L. (Ter. Ed.) c. 215, § 44, as amended by St. 1941, c. 323, § 1, and St. 1943, c. 91.[1] From an order of a judge dismissing the petition as matter of discretion the petitioner appeals. The evidence is not reported but the judge filed a report of material facts.

The issues before us are: (1) Was it within the discretion of the judge to dismiss the petition? (2) If it was discretionary, was that discretion exercised by the judge who issued a citation upon the petition when it was filed?

We are of opinion that there was no error in the dismissal of the petition.

From the record it appears as follows: Herman Cline died testate on March 31, 1950, and Joseph F. Ford was appointed executor under his will. Herman and David Cline had been copartners doing business under the name of Cline Manufacturing Company. The petitioner, Albert

[1] "Section 44. Upon complaint to a probate court by a person interested in the estate of a deceased person against a person suspected of having fraudulently received, concealed, embezzled or conveyed away any property, real or personal, of the deceased, the court may cite such suspected person, although he is executor or administrator, to appear and be examined on oath upon the matter of the complaint. If the person so cited refuses to appear and submit to examination, or to answer such interrogatories as may be lawfully propounded to him, the court may commit him to jail until he submits to the order of the court. The examination shall be had and recorded in such manner as the court shall direct, and the final record shall be signed by the party examined. A proceeding hereunder shall be entitled 'petition for discovery.'"

H. Cline, is a beneficiary and trustee under the will of Herman. In December, 1951, Albert and another filed a petition in the Probate Court alleging in substance that Ford as executor had transferred to David the interest of the estate of Herman in the partnership business, in pursuance of a written agreement between Ford and David which was assented to by the petitioners in that case. There were further allegations that Ford and David had conspired between themselves for the fraudulent purpose of transferring this interest to David at an unfair price, and that they had not dealt openly and fairly with the petitioners.

On January 16, 1952, in support of that petition Albert filed this petition for discovery against David. In it he complained that with good cause he suspected that David had fraudulently received, concealed, embezzled, or conveyed away certain personal property of the estate of Herman and sought that David be cited to appear and be examined under oath upon the matter of the complaint. This petition was presented to a judge who ex parte indorsed upon it "Let citation issue as prayed for."

On February 20, 1952, the return day of the citation, David with counsel appeared before another judge and objected to the allowance of this petition. The petitioner had served on David a subpoena duces tecum requiring him to bring for examination voluminous papers, records, cancelled checks, books of account, and other documents relating to the conduct of the partnership business from January 1, 1945, to July 7, 1950. The hearing was continued until February 27, 1952. On both occasions counsel for the parties made statements of fact and argued. Apparently no testimony was taken. Counsel for the petitioner stated that he intended to examine David regarding the items mentioned in the subpoena. Counsel for David represented that such an examination would take many days and perhaps weeks with substantial expense to David, and that there was an adequate alternative. Later on February 27, 1952, this judge entered the following order: "After a hearing the within petition is dismissed as a matter of discretion."

We are of opinion that it was within the discretion of the judge to dismiss this petition. The statute provides that "the court *may* [emphasis supplied] cite such suspected person . . . to appear and be examined on oath . . . ." It was said in *Brennan* v. *Election Commissioners of Boston,* 310 Mass. 784, at page 786, with many citations, "it remains true that 'may' is not an apt word to express a positive mandate. It is a word of permission and not of command. It should be construed, if possible, in accordance with its true signification. . . . In general, throughout our statutes, the distinction between words of permission or discretion and words of command, including the distinction between 'may' and 'shall,' has been carefully observed. . . . We should not in any case lightly conclude that the distinction has been overlooked."

Furthermore, the power conferred by this statute, c. 215, § 44, is analogous to the power exercised by the courts of chancery in England, upon a bill for discovery. *McNulty* v. *Howe,* 290 Mass. 597, 598. Indeed by the amendment by St. 1943, c. 91, a proceeding under c. 215, § 44, shall be entitled "petition for discovery." Under English chancery practice "Discovery is not a matter of right but is discretionary, and will not be permitted to be used in an oppressive manner." Daniell's Chancery Practice (8th ed.) page 574. *Petre* v. *Sutherland,* 3 T. L. R. 275.

The case of *Owens-Illinois Glass Co.* v. *Bresnahan,* 322 Mass. 629, relied upon by the petitioner, is not authority to the contrary. That case only determined that a "court of general equity jurisdiction has authority to grant . . . discovery" (page 632). It is true that in the opinion in that case there appears a quotation from *Reynolds* v. *Burgess Sulphite Fibre Co.* 71 N. H. 332, 340, as follows: "Neither does the right of discovery of books and documents depend upon the discretion of the court . . . ." In neither the New Hampshire case nor the *Bresnahan* case was the matter of the discretion of the judge to grant discovery in issue. We consider the quotation of the statement in the New Hampshire case in the *Bresnahan* case as dictum only. In any

event we are not disposed to accept that statement as binding upon us in the instant case.

A further contention of the petitioner is that even if c. 215, § 44, permits the exercise of discretion to allow or dismiss a petition for discovery, such discretion was exercised and exhausted by the judge to whom it was first presented and who, ex parte, did nothing more than order a citation to be issued upon it.

We do not agree. Proceedings under § 44 obviously come within the equity jurisdiction of Probate Courts. The amendment by St. 1941, c. 323, § 1, reads in part, "The examination shall be had and recorded in such manner as the court shall direct . . . ." Because this follows the provision for citing the suspected person to appear, the implication of the language of the amendment is that no examination shall be directed until such person shall have had an opportunity to appear and be heard as provided in Rules 25–27 of the Equity Rules of the Probate Courts (1934). See *McNulty* v. *Howe*, 290 Mass. 597, 599–600.

It is rarely that even the slightest infringement of rights of a person to his liberty or property is permitted until such person is given an opportunity to appear and be heard. The judge who dismissed the petition followed this course.

From the report of material facts we cannot find any abuse of discretion. He may have found that the petitioner was not acting in good faith since he assented to the sale to David. He may have found that the complaints against David were not specific but were vague, or he may have determined that "the benefit to the applicant is remote and out of all proportion to the trouble and expense to which the respondent will be put in complying . . . ." Daniell's Chancery Practice (8th ed.) page 574. He may have even decided that there was available to the petitioner another adequate method to obtain the information sought. Any of these factors would have justified the action of the judge in dismissing this petition as matter of discretion. We cannot say that he was plainly wrong.

*Decree affirmed.*