Francesco J. GALLO, Plaintiff,

v.

Harold BROWN, as Secretary of Defense, John Stetson, as Secretary of the Air Force, Leonard Holland, Individually and as Commanding General of the State of Rhode Island, Eugene G. Gallant, Individually and as Assistant Adjutant General, Rhode Island National Guard, Guiseppe Montecalvo, Individually and as Commander of the Rhode Island Air National Guard, Nicolo D. Palma, Individually and as Commander of the 143 Civil Engineering Flight, Rhode Island Air National Guard, Defendants.

Civ. A. No. 77–0720.

United States District Court,
D. Rhode Island.

Jan. 5, 1978.

Amato A. DeLuca, Kevin M. Hayes, Warwick, R. I., for plaintiff.

Constance L. Messore, Asst. U. S. Atty.; Alan J. Goldman, and Dennis H. Esposito, Providence, R. I., for defendants.

## OPINION

FRANCIS J. BOYLE, District Judge.

This is an action for declaratory and mandatory relief in the nature of Mandamus to redress deprivation of rights, privileges and immunities secured to Plaintiff, Francesco J. Gallo, by the Constitution, laws and treaties of the United States. Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1361, 2201 and 2202, 42 U.S.C. 1983 and this Court's pendant and ancillary jurisdiction.

The action was heard on preliminary injunction. The Court holds that it is unlikely that Plaintiff will ultimately prevail and the relief requested is denied.

Plaintiff enlisted in Rhode Island Air National Guard on or about December 4, 1964. He has served with the Guard for thirteen (13) years and presently holds the rank of Technical Sergeant. Plaintiff became a member of the 143 Civil Engineering Flight, Rhode Island Air National Guard on or about August, 1974.

Defendants are Harold Brown, as Secretary of Defense; John Stetson, as Secretary of the Air Force; Leonard Holland, individually and as Commanding General of the State of Rhode Island; Eugene G. Gallant, individually and as Assistant Adjutant General, Rhode Island National Guard; Guiseppe Montecalvo, individually and as Commander of the Rhode Island Air National Guard; Nicolo D. Palma, individually and as Commander of the 143 Civil Engineering Flight, Rhode Island Air National Guard.

Plaintiff was indicted and arraigned in the United States District Court for the District of Rhode Island, CR. No. 75–96, for stealing, obstructing and removing two packages from the United States Post Office while an employee of the Post Office. Plaintiff was convicted and sentenced to a one (1) year suspended sentence and placed on probation for one (1) year on May 12, 1976. The offense, a violation of 18 U.S.C. 1709, is punishable by imprisonment for a term of not more than five (5) years or a fine of not more than two thousand dollars ($2,000.), or both.

After a hearing before the Administrative Discharge Board, which recommended that Plaintiff not be discharged from his current enlistment, Defendant Montecalvo reviewed the Board's decision and agreed that Plaintiff be retained in the Air National Guard.

Plaintiff desires to reenlist for a three (3) year period to commence immediately upon expiration of his present term of enlistment. Because of his conviction for a felony, a request for a waiver to permit enlistment was submitted on Plaintiff's behalf by Defendant Palma and forwarded to Defendant Montecalvo as Group Commander of the Air National Guard. Defendant Montecalvo refused to accept the request for waiver or forward it on through the chain of command.

Plaintiff contends that Defendants were required under the provisions of Air National Guard Regulation 39–09 (hereinafter ANGR 39–09), dated Dec. 15, 1976 and entitled "ENLISTMENT AND REENLISTMENT IN THE AIR NATIONAL GUARD AND AS A RESERVE OF THE AIR FORCE"[1] to process his request for waiver through to the National Guard Bureau in Washington, D.C. He further alleges that Defendants' failure to accept and process his request for waiver was arbitrary, capricious, unreasonable and unlawful, and that Defendants acted without jurisdiction and in excess of their powers in arbitrarily refusing to forward his request.

The sole issue before this Court is whether Defendants' actions in refusing to process Plaintiff's request for waiver was proper. The Court holds that Defendants' actions were proper under the Regulations and Plaintiff is not eligible to be reenlisted, and is not eligible to have his non-eligibility waived.

Section 1–3 of ANGR 39–09 entitled "Policy" states that "[r]ecruiting and enlistment

---

1. ANGR 39–09 derives its authority from Title 10 and Title 32 of the United States Code.

[including reenlistment] [2] is the responsibility of the State." This section unequivocably grants to the individual State National Guard organizations the authority to deal with all requests for reenlistment.

Paragraph 3–6 of ANGR 39–09, entitled "Processing Waivers for Enlistment", which applies to the processing of waiver requests, in part, provides:

a. Request for waiver where specifically authorized in this regulation, to permit enlistment of applicants who fail to meet the qualifications for enlistment *may* be submitted through channels. (emphasis added)

In addition, where the individual seeking enlistment or reenlistment does not have specific authorization in the regulation, § 3–6(b) of ANGR 39–09 provides:

b. Requests submitted on applicants covered by table 2–3, line 1, will include nature of offense, sentence imposed, date of sentence imposed, date of release from confinement (if applicable), and date of release from restraint. Applicants under restraint, under sentence of a court, or who have been found guilty of a felony under local or State laws, where confinement can exceed 1 year (not necessarily imposed) are not eligible for waivers.[3]

A plain reading of this entire provision, in keeping with the obvious policy concerns of the Regulation, indicates that those individuals covered by TABLE 2–3, LINE 1 *may* submit a request which *may* then be submitted through channels by state officials. The use of the word "may" has generally been interpreted to be a word of permission rather than command, and indicates a discretionary grant of authority. *Cline v. Cline*, 329 Mass. 649, 110 N.E.2d 123 (1953). Furthermore, this discretionary request mechanism in § 3–6 is immediately qualified by the second sentence of § 3–6(b) which renders ineligible for waivers any individual who has been found guilty of a felony under local or State laws, "where

confinement can exceed 1 year (not necessarily imposed)."

It is apparent that Plaintiff falls squarely within § 3–6(b). He is specifically covered by TABLE 2–3, LINE 1, determination 4. Determination 4 covers a person convicted by a civil court of an offense other than an offense punishable by death. This subsection of LINE 1 incorporates Attachment 5 by reference. Attachment 5, entitled "UNIFORM GUIDELIST OF TYPICAL OFFENSES", includes among its listed felonies, "Mail matter: abstracting, destroying, obstructing, opening, secreting, stealing, or taking."

Plaintiff's offense makes him subject to the discretionary mechanism of § 3–6(a) but also subjects him to the immediate qualification of the second line of § 3–6(b). He is automatically made ineligible for waiver due to his felony conviction. He was convicted of a felony in federal court which carried a maximum sentence of 5 years. It is the obvious intent of the words "not necessarily imposed" that wherever there is a possibility of confinement for more than 1 year, the convicted individual is ineligible for waiver.

■ Plaintiff argues, however, that he is not covered by § 3–6(b) because his conviction was not under "local or State law", but rather was under federal law. This is too narrow a construction, particularly in view of the specific reference in Attachment 5 to offenses involving the mails which can only be federal offenses. "Local" obviously means that the offense is a felony in the place where committed. Also, it is a well settled principle when interpreting regulations to give great weight to prior administrative construction or interpretation. *U. S. v. American Trucking Associations, Inc.*, 310 U.S. 534, 60 S.Ct. 1059, 84 L.Ed. 1345 (1940); *U. S. v. Leslie Salt Co.*, 350 U.S. 383, 76 S.Ct. 416, 100 L.Ed. 441 (1956). As a matter of policy, the Air National Guard

---

**2.** Enlistment is defined to include reenlistment, unless otherwise specified, in Chapter 1, § 1–2i.

**3.** Table 2–3 is entitled "APPLICANTS INELIGIBLE TO ENLIST." LINE 1 lists those persons deemed morally unacceptable.

48

has applied this restriction to persons who have been found guilty under Federal law. (Affidavit of Major General John T. Guice, Director of Air National Guard, Pentagon, Washington, D.C.). This policy is not inconsistent with the obvious intent of § 3–6.

The State Adjutant General and the National Guard Bureau are provided some limited authority to grant a commander's request for a waiver to permit reenlistment. Chapter 3, TABLE 3–1, entitled "WAIVER AUTHORITY FOR OFFENSES", is necessarily qualified by the specific language of the second sentence of § 3–6(b). Even were Plaintiff to fall within Rule 4 of TABLE 3–1 as an applicant who has been convicted of 1 or more felonies, the State Adjutant General "may" choose not to forward the request to the National Guard Bureau in keeping with the State's discretionary responsibility. *Dunlap v. Akin*, 376 F.Supp. 138 (E.D.Tenn.1974). However, since Plaintiff's confinement possibility exceeded one (1) year, it appears that he is automatically ineligible for a waiver and Defendants have no discretion to process Plaintiff's request for waiver.

■ In any event, the likelihood of Plaintiff's success in this action is so remote that he cannot be granted preliminary mandatory relief. 42 AM.JUR. *Injunctions* § 21 (1969).

Defendants will prepare and present a form of Order consistent with this Opinion, including vacation of the Restraining Order heretofore entered.