LUCILLE SHELDONE, administratrix, vs. FILOMENA MARINO.

Suffolk.   October 8, 1986. — December 17, 1986.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & LYNCH, JJ.

*Survival of Action. Probate Court, Parties, Standing.*

A will contest action survives as one of "the actions which survive by the
   common law," in the language of G. L. c. 228, § 1, when the sole
   contestant dies during the pendency of the contest. [818-820]

PETITION for probate of a will, filed in the Suffolk Division
of the Probate and Family Court Department on August 17,
1983.

A motion to dismiss an objection to allowance of the will
was heard by *Mary B. Muse, J.*

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Marshall F. Newman* for Lucille Sheldone, administratrix.
*Edward W. McIntyre* for Filomena Marino.

HENNESSEY, C.J. In this case we are asked to decide whether
a will contest survives when the sole contestant dies during
the pendency of the contest. Although this court has referred
to this issue in prior cases, it has never specifically addressed
the merits of the argument. The case arises from a petition
filed on August 17, 1983, in the Probate and Family Court to
probate a document purporting to be the last will and testament
of Rachele Marino (the decedent), who died on March 28,
1983. The decedent was survived by two sons and two
daughters. Filomena Marino, the decedent's daughter, was
named executrix under the will and was to receive the bulk of
the estate. Frederick Marino, the decedent's son and the execu-
trix's brother, was left a specific bequest of $500.

On September 29, 1983, Frederick filed an objection to the
allowance of the petition alleging (1) lack of testamentary

capacity, (2) undue influence exerted by Filomena on the decedent, (3) fraud by Filomena, and (4) lack of compliance with the requisite formalities. Frederick died on December 12, 1984, and a suggestion of death was filed on February 12, 1985. Frederick's daughter and the administratrix of his estate, Lucille Sheldone, sought recognition of her appearance to continue her father's action.[1] Filomena then filed a motion to dismiss the action on the grounds that the objections did not survive Frederick's death. This motion was allowed on June 11, 1985, and an order of dismissal was entered. Lucille appealed, and we took the case on our own motion.

Filomena contends, and the Probate judge agreed, that G. L. c. 228, § 1, applies in this case. This statute provides that, "[i]n addition to the actions which survive by the common law," actions of replevin, actions of tort for assault, battery, imprisonment, or "other damage to the person," actions for consequential damages resulting from personal injury, actions for conversion or for damage to real or personal property, and actions against sheriffs for the misconduct or negligence of themselves or their deputies shall survive. This statute was enacted to abrogate the common law rule established in Massachusetts that tort actions were personal and, thus, did not survive the death of either the injured party or the wrongdoer. *Putnam* v. *Savage,* 244 Mass. 83, 85 (1923). *Harrison* v. *Loyal Protective Life Ins. Co.,* 379 Mass. 212, 214 (1979). Because will contest actions were not specifically cited in the terms of G. L. c. 228, § 1, the judge decided that the cause of action did not survive. We conclude that the action does survive as one of "the actions which survive by the common

---

[1] Lucille Sheldone does not claim standing in her personal capacity to challenge the decedent's will. Consequently, we need not reach the question whether she, as an heir of Frederick, is a "person interested" who may properly contest the will in her own right. *Crowell* v. *Davis,* 233 Mass. 136, 139 (1919). Our cases have recognized heirs at law, or, at the discretion of the court, a legatee having interests adverse to those of other legatees as a "person interested" who could challenge the will. *Conley* v. *Fenelon,* 266 Mass. 340 (1929). *Taylor* v. *Whittier,* 240 Mass. 514 (1922). *Goodrich* v. *Hanson,* 238 Mass. 313 (1921). *Crowell* v. *Davis,* 233 Mass. 136 (1919) (allowing a will challenge by a person named as a legatee in an earlier will).

law." This is in accord with our decision in *Harrison* v. *Loyal Protective Life Ins. Co., supra* at 215, which held that G. L. c. 228, § 1, does not operate to restrict the types of actions which survive but was intended to expand on the number of actions which do survive.

Lucille relies on several opinions of this court which she asserts have implicitly recognized the survival of will contest actions and have allowed the executor or special administrator of an estate to initiate a will contest or to continue a will contest action initiated by the contestant prior to death. *Healey* v. *Hennessey,* 295 Mass. 62 (1936). *Blinn* v. *Pillsbury,* 252 Mass. 197 (1925). *Bonnemort* v. *Gill,* 167 Mass. 338 (1897). See *Hull* v. *Adams,* 286 Mass. 329 (1934); *Cawley* v. *Greenwood,* 192 Mass. 126 (1906). However, no case has been cited in which we have specifically addressed the question whether a will contest survives the death of the contestant.

We have held that actions seeking the vindication of personal rights, in the absence of a statute, do not survive while those seeking redress for damage to property rights do survive. See, e.g., *Metropolitan Life Ins. Co.* v. *DeNicola,* 317 Mass. 416, 419-420 (1944). We find the analysis of several other jurisdictions convincing that a will contest is in the nature of a property right and, thus, survives the contestant's death. In *In re Estate of Field,* 38 Cal. 2d 151, 154 (1951), the Supreme Court of California stated that "the right of an interested person to contest a will is fundamentally based upon the loss of property or property rights resulting from the recognition of an invalid instrument depriving him of those rights; that the purpose of a will contest is to establish a violation of the contestant's rights of property; that in its essence the contest is an action for the recovery of property unlawfully taken or about to be taken from the ownership of the contestant." See *Crawfordsville Trust Co.* v. *Ramsey,* 178 Ind. 258, 271-272 (1912); *Hall* v. *Blackard,* 298 Ky. 354, 356-357 (1944); *Kinsella* v. *Landa,* 600 S.W.2d 104, 107-108 (Mo. App. 1980); *In re Morrow's Will,* 41 N.M. 723, 735 (1937); *In re Estate of Riggs,* 120 Or. 38, 42-43 (1926); *Ingersoll* v. *Gourley,* 72 Wash. 462, 471-472 (1913). In a related case, the Supreme

Court of California recognized that, while the mere expectancy of an heir is usually not regarded as a property right, the expectancy is transformed into a vested property right upon the death of the testator. *In re Baker's Estate,* 170 Cal. 578, 586 (1915).

Our conclusion that the will contest survives the death of the contestant aligns Massachusetts with the great majority of jurisdictions that have considered this question. At least twenty-five States specifically declare that the right of contest survives or is assignable: *Curry* v. *Holmes,* 249 Ala. 545 (1947); *In re Estate of Field,* 38 Cal. 2d 151 (1951); *In re Baker's Estate,* 170 Cal. 578 (1915); *In re Dickerson,* 55 Conn. 223 (1887); *Glos* v. *Glos,* 341 Ill. 447 (1930); *Crawfordsville Trust Co.* v. *Ramsey,* 178 Ind. 258 (1912); *In re Wiltsey's Estate,* 122 Iowa 423 (1904); *Hall* v. *Blackard,* 298 Ky. 354 (1944); *Succession of Simms,* 250 La. 177 (1965); *Yingling* v. *Smith,* 254 Md. 366 (1969); *Sheeran* v. *Sheeran,* 96 Minn. 484 (1905); *Kinsella* v. *Landa,* 600 S.W.2d 104 (Mo. App. 1980); *Holt* v. *Rice,* 51 N.H. 370 (1871); *In re Morrow's Will,* 41 N.M. 723 (1937); *In re Mackenzie,* 247 A.D. 317 (N.Y. 1936); *In re Waterbury's Will,* 18 Misc. 2d 732 (N.Y. Surr. Ct. 1959); *In re Thompson's Will,* 178 N.C. 540 (1919); *Chilcote* v. *Hoffman,* 97 Ohio St. 98 (1918); *Hodges* v. *North,* 134 Okla. 22 (1928); *In re Estate of Riggs,* 120 Or. 38 (1926); *Stewart Estate,* 358 Pa. 434 (1948); *Winters* v. *American Trust Co.,* 158 Tenn. 479 (1929); *Dickson* v. *Dickson,* 5 S.W.2d 744 (Tex. Comm'n App. 1928); *Savage* v. *Bowen,* 103 Va. 540 (1905); *Ingersoll* v. *Gourley,* 72 Wash. 462 (1913); *Childers* v. *Milam,* 68 W. Va. 503 (1911); *Komorowski* v. *Jackowski,* 164 Wis. 254 (1916). Georgia, *Pierce* v. *Felts,* 148 Ga. 195 (1918), and Michigan, *Butts* v. *Ruthven,* 292 Mich. 602 (1940) are among those States that do not provide for the survival or assignment of will contest actions.

The judgment of dismissal is reversed, and the case is remanded to the court below for further proceedings.

*So ordered.*